THE CIVIL SERVICE COMMISSION OF FAYETTEVILLE *v.* CRUSE.

4-4119

Opinion delivered January 27, 1936.

*Rex Perkins* and *Price Dickson,* for appellant.

*G. T. Sullins,* for appellee.

MEHAFFY, J. This action was begun before the Civil Service Commission of the city of Fayetteville, Arkansas. The following notice was served.

"Comes now the Civil Service Commission of the city of Fayetteville, Arkansas, and hereby notifies Neal Cruse that proceedings to discharge the said Neal Cruse from the police force of the city of Fayetteville, Arkansas, have been instituted, and said commission for cause states,

"That heretofore, on February 1, 1935, Tom Sullins, acting as attorney for the said Neal Cruse, met with this commission in executive session, and made the following proposition to said commission: That, if proceedings previously had before said commission resulting in the discharge of Neal Cruse were dismissed in the circuit court of Washington County, Arkansas, the said Neal Cruse would resign from said police force not later than March 1, 1935, and sooner if possible. This commission further alleges that said Tom Sullins was acting within the scope of his authority, and that they relied upon the promises made by the said Tom Sullins, and accepted said proposition, and in accordance therewith did on February 2, 1935, dismiss said charges in the circuit court of Washington County, Arkansas, the sole reason for said dismissal being the representation made by the said Tom Sullins, as attorney for Neal Cruse, that he would resign from the police force of

the city of Fayetteville, Arkansas, on or before March 1, 1935.

"This commission further states that the said Neal Cruse has failed and refused to comply with his part of the agreement, and that his failure to so comply with his part of the agreement constitutes a fraud perpetrated upon this commission; that he is unfit to serve on the police force of the city of Fayetteville, Arkansas, by reason of the fact that his word is of no value, and that no confidence can be placed in him.

"The said Neal Cruse is further hereby notified that he has ten days from the date of the service of this notice upon him in which to file reply, and, if said reply is not filed within said time, he will be discharged from said force without further proceedings.

"Civil Service Commission of the City of Fayetteville, Arkansas.

"By Price Dickson, its Attorney."

The appellee filed motion to dismiss, which is as follows:

"Comes Neal Cruse and moves the commission to dismiss the charges and grounds for discharge herein and for cause states:

"That said charges and grounds as set forth in the notice are not sufficient to constitute a cause for discharge.

"That the commission is without jurisdiction to hear and determine the matters and things set forth in the notice.

"That the commission has failed to provide rules for governing the discharge of members of the police department.

"Respectfully submitted, Neal Cruse."

The commission ruled on the motion and discharged appellee as chief of police. From the order discharging him, he prosecuted an appeal to the circuit court. He has filed an answer, but it is not necessary to set it out, because it was submitted to the circuit court on motion to dismiss, and the circuit court sustained his motion, and entered a judgment reinstating Neal Cruse as chief of police, and gave him judgment for $113.32.

The Civil Service Commission filed a motion for new trial, and this motion was overruled, and the case is here on appeal.

It is first contended by the appellee that the provision of act 28 of the Acts of 1933 requires the commissioners to prescribe rules and regulations, and it is conceded that they have not done this. It is their duty to have written rules, and they could not try any one for a violation of a rule unless they had prescribed the rule, and the rule must have been written. They could not simply have a rule in mind and charge some one with violating it. But there is ample provision made in the act itself for making charges against any officer, and trying him for any crime or misdemeanor, and to determine whether he is guilty or not. No rule would be required to charge a person with the commission of any crime or with any violation of act 28, *supra.*

The act provides the right of appeal from any action of the board to the circuit court within whose jurisdiction the Board of Civil Service Commissioners are situated. The act provides that such trials shall be *de novo,* and the parties to such appeal may introduce any further or other evidence that they may desire, provided the same is legal, relevant and competent. Right of appeal is given from the circuit court to the Supreme Court, and it is provided that it shall here be tried *de novo;* that is, it provides that such appeals shall be governed by the rules and procedure in appeals of equitable cases.

It is contended, however, that the charges made by the commissioners are not sufficient to disqualify appellee for the position of chief of police, and are not sufficient to require him to go to trial.

It appears from the record that there were charges pending in the circuit court against the appellee, and that he agreed that if the commission would dismiss the charges in the Washington Circuit Court, he would resign from the police force not later than March 1, 1935. The Commission, according to the agreement, dismissed the charges on the sole ground that Cruse agreed to resign. They allege that he has failed and refused to comply

with his part of the agreement, and that his conduct constitutes a fraud perpetrated upon the Commission.

Of course, the promise to resign office would not be enforceable against any officer if he were a suitable person and qualified for the office, but if he made the promise for the purpose of getting the charges against him dismissed, this conduct on his part might justify a dismissal.

They further allege that he is unfit to serve on the police force because his word is of no value, and no confidence can be placed in him. If these charges are true, he should be dismissed from the police force. In other words, if he committed a fraud and is unfit to serve, the commission would have a right to discharge him. The charge of fraud and unfitness for office is in general terms, and doubtless, if appellee had requested it, the charge would have been made more definite and certain, but it is sufficient on demurrer to require him to go to trial. His motion to dismiss is, in fact, a demurrer to the complaint.

We think there is ample provision in the law, without any rules, to justify the Commission in trying a person for fraud or for being unfit to hold office.

The circuit court should have overruled the motion to dismiss, permitted the appellee to file answer if he wished to do so, and then proceeded to try the case on its merits.

The judgment of the circuit court is reversed, and the cause remanded with directions to overrule the motion to dismiss, and to proceed with the trial of the case according to law.