CIVIL SERVICE COMMISSION OF FAYETTEVILLE *v.* CRUSE.

4-4575

Opinion delivered March 29, 1937.

856

*Price Dickson,* for appellant.
*G. T. Sullins,* for appellee.

HUMPHREYS, J. This is the second appeal of this case to the Supreme Court. The questions involved on the first appeal were whether the allegations in the complaint were sufficient upon demurrer to charge appellee with perpetrating a fraud upon appellant or to charge him with being an unfit person to hold the office of chief of police in the city of Fayetteville, Arkansas. On that appeal the judgment of the circuit court was reversed and the cause was remanded with directions to the circuit court to overrule the motion of Neal Cruse to dismiss the action and to proceed to try the case on its merits, with permission to him to file an answer. The opinion of this court was handed down on January 27, 1936, *Civil Service Commission of Fayetteville* v. *Cruse,* 192 Ark. 86, 89 S. W. (2d) 922, and sets out the pleadings and proceedings had and done in the case, so reference is made to that case for a statement of the proceedings prior to remanding same for a trial on the merits, instead of setting them out again in this opinion.

After the remand of the case an answer was filed by Neal Cruse denying that he had violated his agreement to resign from the police force on or before March 1, 1935, on condition the civil service commission would dismiss the suit involving his discharge from the police force, which was then pending on appeal in the circuit court of Washington county, because immediately after the agreement was made and the suit dismissed, it was rumored in the city that there had been a trade out between him and the commission, which had the effect of preventing him from getting a job which was open to him at such time as he was completely exonerated from the charges against him. He alleged that for this reason he had not committed a fraud on the commission in refusing to resign after it had dismissed the suit pending

in the circuit court against him. He also denied that he was an unfit person to fill the office of chief of police of the city of Fayetteville.

The trial court, after hearing the evidence in the case, found that Neal Cruse did not perpetrate a fraud upon the commission by refusing to resign and that he was and is a fit and proper person to fill the office of chief of police in the city of Fayetteville, and, in accordance with these findings, restored him to the position as chief of police and rendered a judgment against the city for $1,540 back salary in his favor, from which findings and judgment is this appeal.

This court said on the former appeal that: "It appears from the record that there were charges pending in the circuit court against the appellee, and that he agreed that if the commission would dismiss the charges in the Washington Circuit Court, that he would resign from the police force not later than March 1, 1935. The commission, according to agreement, dismissed the charges on the sole ground that Cruse agreed to resign. They allege that he has failed and refused to comply with his part of the agreement, and that his conduct constitutes a fraud perpetrated upon the commission. Of course, the promise to resign office would not be enforceable against any officer if he were a suitable person and qualified for the office, but if he made the promise for the purpose of getting the charges against him dismissed, this conduct on his part might justify a dismissal." This court also said: "We think there is ample provision in the law, without any rules, to justify the commission in trying a person for fraud or for being unfit to hold office." These declarations became the law of the case.

The undisputed evidence reflects that the commission dismissed the case pending in the circuit court on appeal upon the promise of Neal Cruse to resign on or before March 1, 1935, and that he failed to resign. Under the former opinion this justified his dismissal, and when these facts were established by the undisputed evidence the court erred in not sustaining the action of the commission in discharging him. The mere fact that it

was rumored in the city that there had been a trade out between him and the commission constituted no defense to the charge that he procured a dismissal of the case upon the promise that he would resign on or before March 1, 1935. It is unnecessary in this view of the case to discuss the issue of whether he is otherwise a fit and proper person to fill the office of chief of police of the city of Fayetteville, Arkansas.

The judgment is, therefore, reversed, and the cause remanded, with instructions to the circuit court to sustain the action of the commission in discharging the appellee upon the payment of his salary to March 1, 1935.