MICKLISH v. GRAND LODGE OF THE LOYAL STAR.

Opinion delivered January 21, 1924.

1. INJUNCTION—RIGHT TO RELIEF.—Where, after the executive board of a fraternal mutual benefit association removed plaintiff from the office of secretary-treasurer and another was appointed in her place, the new appointment was revoked and plaintiff was restored to her office, there was no ground for injunctive relief, as it is only where injury has been inflicted or property right invaded that plaintiff is entitled to such relief.

2. ACTION—SPECULATIVE AND ABSTRACT QUESTIONS.—Courts do not determine speculative and abstract questions of law or lay down rules for the conduct of individuals in their business and social relations, but are confined to real controversies where the legal rights of the parties are necessarily involved, and can be conclusively determined.

3. INJUNCTION—COMPLAINT.—Where an injunction is the relief sought, the facts entitling plaintiff to such relief must be set out in the complaint and must be established at the hearing.

Appeal from Craighead Chancery Court, Western District; *Archer Wheatley*, Chancellor; affirmed.

STATEMENT OF FACTS.

Appellant brought this suit in equity against appellees to enjoin them from in any way interfering or attempting to interfere with her in the rights of her office as secretary-treasurer of the Grand Lodge of the Loyal Star.

According to the allegations of the complaint, the Grand Lodge of the Loyal Star is a fraternal mutual benefit association, with its principal office in the city of Horton, Kansas. Mrs. Harriette B. Hyland is its president, and resides in said city. Mrs. Margaret Lushbaugh, Mrs. Anna Wilson, Mrs. Mary Adams, Mrs. Emma Longeway and Mrs. Alta Stevens compose the grand executive board. Mrs. Margaret Lushbaugh is chairman and Mrs. Anna Wilson is secretary of the board. The office of the secretary-treasurer of the grand lodge is at Jonesboro, Ark., and, at the time of the transactions herein complained of, Mrs. Florence E. Micklish, as such secretary-treasurer, had on deposit in the First National

Bank, in the city of Jonesboro, funds of the grand lodge to the amount of $20,000 or $25,000. She is officially responsible for said funds, and has given a $20,000 bond for the faithful performance of her duties. On November 13, 1922, the executive board of the grand lodge convened in the city of Jonesboro and made an examination of her books and accounts as such secretary-treasurer, and found them to be correct. Said executive board, without cause, undertook and attempted to remove appellant from her office as secretary-treasurer of the Grand Lodge of the Loyal Star. The attempted removal was without authority, and appellant was not given an opportunity to be present or heard at the trial.

Mrs. Harriette B. Hyland, as president, then attempted to appoint the defendant, Mrs. Estella Slatton, as secretary-treasurer of the grand lodge. Written notice that appellant had been removed from office for the misappropriation of the funds of the grand lodge, by issuing two checks for $75 each and one for $50, was given her by the executive board. The date of the removal was stated as November 21, 1922. Appellant took an appeal from the action of the grand executive board, in the manner and form prescribed by the by-laws of the grand lodge. On the following day Mrs. Harriette B. Hyland revoked the appointment of Mrs. Estella Slatton as secretary-treasurer of the grand lodge, and Mrs. Slatton acknowledged the receipt of the revoking order, and the appellant was directed to continue in said office. The appeal taken from the order of the executive board, dismissing appellant, cannot be heard until the next meeting of the grand lodge, which will be about August, 1925.

Article 4, § 1, of the constitution of the order prescribes the duties of the president. Among the duties given her is the power to convene the executive board and to fill vacancies in the offices of the grand lodge, subject to the approval of the grand executive board.

Section 3 of the same article prescribes the duties of the grand secretary-treasurer.

Section 4 of the same article prescribes the duties and authority of the grand executive board. It provides that the members of the said board shall examine all accounts and books of grand lodge officers at the end of each fiscal year. Said board shall promptly investigate all charges against grand lodge officers, and shall have the power to examine witnesses, and, upon proper and sufficient evidence, to remove said officers.

The constitution also provides the manner in which charges shall be preferred against an officer of the grand lodge, and also the manner in which the trial shall be conducted.

Appellant was first granted a temporary injunction against appellees by the circuit judge. Estella Slatton was expressly enjoined from discharging the duties of grand secretary-treasurer of the Grand Lodge of the Loyal Star, and Mrs. Harriette B. Hyland and other officers of the executive board of the grand lodge were enjoined from interfering with appellant in the lawful exercise of her duties as grand secretary-treasurer of the Grand Lodge of the Loyal Star until further orders of the chancery court.

In January, 1923, appellees filed a motion in the chancery court to dismiss the complaint of the appellant for want of equity, and also filed a demurrer to the complaint. The court sustained the demurrer of appellees, and dismissed the complaint of appellant for want of equity.

The case is here on appeal.

*H. W. Applegate,* for appellant.

The court erred in sustaining the demurrer and in dismissing the complaint. All parties materially interested in the subject-matter of the litigation should be made parties to the suit. 37 Ark. 511; §§ 1096, 1097, 1098, C. & M. Digest. Where any person or party is wrongfully joined as defendant, such person or party should be dismissed if the court finds they should not have been made a party defendant, and the action should pro-

ceed against all other defendants. 101 Ark. 179. Under the doctrine of virtual representation, it is within the power of a court of equity to name as defendants in certain classes of cases a few individuals who are, in fact, the representatives of a large class having a common interest. 150 Ark. 398; 20 R. C. L. 672; 5 C. J. 1371; Pomeroy's Code Remedies (4 ed.) §§ 285-291; 28 Ann. Cas. 1913-C. Before an officer can be removed from office for specified cause, there must be notice and hearing given to him. 84 Ark. 540; 141 Ark. 206. Courts of equity will exercise jurisdiction and use their power to protect the incumbent of an office against any illegal or unjust interference therewith. 69 Ark. 606; 84 Ark. 540; 141 Ark. 206; 5 Corpus Juris, p. 1348, § 50; 59 N. J. L. 142; 77 Misc. N. Y. S. 1043. Where a member has been elected to office by the association for a definite term, he can be removed only for adequate cause and after an investigation of the charges against him, of which he has been given proper notice and has had an opportunity to reply and defend. 4 N. Y. S. 534; 5 Corpus Juris 1348, § 50; 1 A. L. R. 423; Ann. Cas. 1918-E.

*Humphrey & Boxley* and *E. L. Westbrooke,* for appellees.

There was no error in sustaining the demurrer and dismissing the complaint. In the absence of a statute authorizing it, an unincorporated association cannot be sued in its society or company name. 150 Ark. 401; 3 Ann. Cas. 699; 140 Ark. 124. The courts will not interfere with the internal affairs of an unincorporated association, so long as the government of the society is fairly and honestly administered in conformity with its laws and the law of the land. 5 C. J. 1364, art. 9, § 101; 7 C. J. 1123, § 84; 100 Atl. 731; 194 S. W. 1179; 241 S. W. 524; Ann. Cas. 1918-E 1178; 25 R. C. L., § 15.

Hart, J., (after stating the facts). The decision of the chancery court was correct. Appellant was the plaintiff in the chancery court. According to the allegation of her complaint, the grand executive board had the power to remove her from the office of grand secretary-

treasurer for cause, and the president of the order had the authority to appoint some one in her place. The grand executive board first removed her from the office of grand secretary-treasurer, and Mrs. Estella Slatton was appointed in her place. On the very next day the appointment of Mrs. Estella Slatton was revoked, and she never attempted to exercise the duties of grand secretary-treasurer. Appellant was notified of this fact, and was directed to continue in the discharge of the duties of her office. Since that time she has continued in the discharge of her duties, without any interference whatever on the part of appellees. It was not necessary for her, under the circumstances, to have instituted this action to protect her rights.

In *Bonham* v. *Brotherhood of Railroad Trainmen*, 146 Ark. 117, it was held that no action to recover damages for the wrongful expulsion of a member from a fraternal benefit society may be maintained until the member first exhausts his remedy by appeal to the highest appellate tribunal of the society, as provided by its by-laws.

It is true that the Loyal Star is a fraternal and mutual benefit order, but, under the facts alleged, it is not necessary to decide whether appellant might maintain an action in the courts, without first exhausting her remedy by appeal to the highest tribunal of the society, as provided by its constitution and by-laws, or whether the decision of that tribunal would be conclusive of her rights.

It is only when some injury has been inflicted on the person, or some right of property has been invaded by the action of such society, that a member is entitled to maintain a suit in the courts for redress or protection. The courts do not sit for the purpose of determining speculative and abstract questions of law, or laying down rules for the future conduct of individuals in their business and social relations, but are confined in their judicial action to real controversies, where the legal

rights of parties are necessarily involved and can be conclusively determined. *Thomas* v. *Musical Mutual Protective Union,* 121 N. Y. 45, and *Bigelow* v. *Hartford Bridge Company,* 14 Conn. 565.

It is well settled that, where an injunction is the final relief sought, the facts which would entitle the plaintiff to relief must be set out in the complaint and must be established on the hearing.

In the case at bar there is no invasion of the appellant's rights. The order removing her from office was immediately rescinded, and she was never interfered with in any manner in the actual discharge of the duties of her office. Therefore there was no ground for equitable injunction, and the chancery court properly refused to continue the injunction in force, upon the final hearing of the case. According to the allegations of her own complaint, the remedy by injunction would not lie in appellant's favor, as no violation of her property rights has happened or may ever happen, and no injury thereto is threatened in such a sense as justified a preventive remedy.

It follows that the decree must be affirmed.