FIVEASH v. HOLDERNESS.

4-3693

Opinion delivered February 4, 1935.

Rowell, Rowell & Dickey, for appellant.
Evan W. Crawford, for appellees.

HUMPHREYS, J. The appellant was chief of police of Pine Bluff when act No. 28 of the Acts of 1933, known as the Civil Service Act, was approved by the Governor. He had been appointed by the mayor for a term of two years, which term expired on April 10, 1933. On January 16, 1933, the city council of Pine Bluff adopted a recommendation of its budget committee that for economic reasons appellant's office be not filled at the expiration of his term. Pursuant to this recommendation,

on April 11, 1933, the mayor notified appellant in writing that his position had been abolished. Thereafter, the mayor, without additional compensation, performed all the duties which had theretofore been performed by appellant. The city council, by ordinance, established a civil service commission on the 21st day of May, 1934, under the provisions of act 28 of the Acts of 1933. Appellant immediately thereafter applied to the civil service commission to be reinstated and for his salary during the period the mayor had performed his duties, covering a period of thirteen months, which petition was refused, and appellant appealed to the circuit court and also filed a petition in the circuit court for a writ of mandamus directing the mayor and city council to pass an ordinance naming him (appellant) as a member of the police department. The petitions were consolidated by the court, and the consolidated cases were submitted to the court, sitting as a jury by agreement of the parties, upon the issues joined by the pleadings the evidence adduced, and argument of counsel, which resulted in a decree denying appellant's petition, from which is this appeal.

The only question involved on this appeal is whether act 28 of the Acts of 1933, known as the civil service act, is applicable to the discharge of a member of the police force for economic reasons. The purpose of the civil service act was not to require cities of the first class to retain all of the police force and firemen in the employment of the several cities at the time of the passage of the act if, in the wisdom of the city council, their services could be dispensed with in the economical administration of such municipal government. The purpose of the act was to prevent their discharge or demotion without notice and an opportunity to defend against causes over which they had control or which were personal to them. In thus construing the statute, we have followed the rule announced by Judge Dillon on Municipal Corporations, which is as follows:

"The purpose of the civil service statutes and of other laws prohibiting the discharge of employees with cause assigned, notice, and a hearing, is to insure the

continuance in public employment of those officers who prove faithful and competent, regardless of their politi- cal affiliations. These statutes are not intended to affect or control the power of the city council or the executive officers of the city to abolish offices when they are no longer necessary or for reasons of economy. They are not intended to furnish an assurance to the officer or employee that he will be retained in the service of the city after the time when his services are required. They do not prevent his discharge in good faith without a trial and without notice when the office or position is abolished as unnecessary or for reasons of economy." 2 Dillon, Mun. Corp., § 479.

This rule finds support in the cases of *Funston* v. *District School Board,* 130 Or. 182, 278 Pac. 1075, 63 A. L. R. 1410; *Phillips* v. *New York,* 88 N. Y. 245; *State of Washington ex rel. Edwin A. Voris* v. *City of Seattle,* 74 Wash. 199, 133 Pac. 11, 4 A. L. R. 198; and *Fitzsimmons* v. *O'Neill,* 214 Ill. 494, 73 N. E. 797.

No error appearing, the judgment is affirmed.