STOCKBURGER *v.* COMBS.

4-3733

Opinion delivered February 11, 1935.

*John Mayes* and *Oscar E. Williams,* for petitioner.
*Rex Perkins* and *Karl Greenhaw,* for respondent.

MEHAFFY, J. The petitioner, Troy Stockburger, was assistant chief of police of the city of Fayetteville, Arkansas, a city of the first class, and Neal Cruse was and is chief of police of said city. On May 22, 1933, the chief of police delivered to petitioner the following written notice:

"You are hereby notified that your services on the police force of the city of Fayetteville, Arkansas, are discontinued today. This, the 22d day of May, 1933."

Petitioner reported to the chief of police, but the chief of police refused to recognize him or permit him to perform his duties as assistant chief of police.

On June 8, 1933, petitioner filed a complaint in the Washington Chancery Court alleging that he had been wrongfully deprived of his office, that no charges had been preferred against him, and that none existed, and prayed the court to cancel his attempted discharge, and restore him to all his official rights and seniority, and that the chief of police be restrained and enjoined from interfering with him in the performance of his duties.

On June 29, 1933, the defendant filed a demurrer to petitioner's complaint, demurring especially to the jurisdiction of the court. There was a hearing upon the pleadings, and the chancery court transferred the cause to the circuit court, treating the complaint as a petition for a writ of certiorari, and the chancery court held that it was without jurisdiction to grant relief.

The cause was thereafter taken up in the circuit court, and that court, refusing to assume jurisdiction, remanded it to the chancery court. Thereupon the petitioner gave notice and filed petition in this court for a

writ of mandamus, commanding, requiring and directing the said John S. Combs, circuit judge of the fourth judicial district of Arkansas, to take and assume jurisdiction of said cause and to try and determine the same.

Prior to the passage of act 28 of the Acts of 1933, removal from the police and fire departments was governed by §§ 7702, 7703 and 7747 of Crawford & Moses' Digest. The Legislature, on February 13, 1933, passed an act to create a board of civil service commissioners in cities of the first class having police and fire departments. This act provides for trial suspension and removal and for appeals to the circuit court.

It is earnestly insisted by the petitioner that the circuit court has jurisdiction, and that it was its duty to grant a writ of certiorari, and calls attention to numerous authorities to sustain his contention.

The respondent contends that the notice delivered to petitioner by the chief of police was merely a notice, and that it is not an order of a court or other tribunal of a judicial or a *quasi*-judicial nature.

A majority of this court is of the opinion that the circuit court had jurisdiction, and that the case came properly before it, and that it was its duty to try the case, and either issue or deny the writ of certiorari.

Mr. Justice McHANEY and the writer do not agree with the majority, but think the writ should be denied.

"It is well settled that, if the existence or nonexistence of jurisdiction depends on contested facts which the inferior court is competent to inquire into and determine, a writ of prohibition will not be granted, although the superior court should be of the opinion that the claims of fact had been wrongfully determined by the lower court, and, if rightfully determined, would have ousted the jurisdiction." *Merchants' and Planters' Bank* v. *Hammock,* 178 Ark. 746, 12 S. W. (2d) 421; *Roach* v. *Henry,* 186 Ark. 884, 56 S. W. (2d) 577; *Crow* v. *Futrell,* 186 Ark. 926, 56 S. W. (2d) 1030; *LaFargue* v. *Waggoner,* 189 Ark. 757, 175 S. W. (2d) 235.

It is however, equally well settled that where the jurisdiction does not depend on any facts, but wholly upon a consideration of the powers of the court, and the

court erroneously decides that it has no jurisdiction, it may be compelled by mandamus to proceed to exercise jurisdiction. *Gilbert* v. *Shaver,* 91 Ark. 231, 120 S. W. 833; *Automatic Weighing Co.* v. *Carter,* 95 Ark. 118, 128 S. W. 557.

Both parties have filed briefs and cited many authorities. We do not think it necessary to review the authorities, but, since a majority holds that the circuit court had jurisdiction and that the case was properly before it, the writ directing the court to exercise jurisdiction should be granted. This court does not undertake to say that the circuit court should or should not grant or deny the writ, but merely assume jurisdiction and do one or the other.

The circuit judge, in his response, states that the writ of certiorari is a writ of discretion, and that this court will not compel the circuit court to grant the writ. In this the respondent is correct.

"Where an inferior tribunal has a discretion and proceeds to exercise it, that discretion cannot be controlled by mandamus; but if it refuses to act or exercise the discretion, a mandamus lies to put it in motion." *Jones* v. *Adkins,* 170 Ark. 298, 280 S. W. 389.

This court merely directs the circuit court to assume jurisdiction and try the case.

It follows from what we have said that the writ of mandamus must be granted, and it is so ordered.