STOCKBURGER *v.* CRUSE.

4-4058

Opinion delivered November 25, 1935.

John Mayes and Oscar E. Williams, for appellant.

*Rex Perkins* and *Karl Greenhaw,* for appellee.

BUTLER, J. Prior to February 13, 1933, Troy Stockburger was a member of the police force of the city of Fayetteville, holding the position of assistant chief of police. There was also a chief of police and three or

four patrolmen. On the date mentioned the city council of Fayetteville, by proper resolution, provided for four policemen, a chief of police, a motorcycle man, and two night men, one at a salary of $60 and the other at $40 a month. The effect of this resolution was to eliminate the position of assistant chief of police. The mayor of the city suffered Stockburger to remain on the police force until May 22, 1933, when the chief of police, acting under the order of the mayor, served Stockburger with written notice that he was no longer in the employ of the city. After some inquiry made to the city council, Stockburger presented a petition to the circuit court for a writ of certiorari. He alleged that the action of the mayor and council was in violation of act No. 28 of the Acts of 1933, approved February 13, 1933, which act provides for the creation of a board of civil service commissioners for cities of the first class. This act, among other things, provided that no member of any police department affected by the act should be discharged without being notified in writing, and that such discharge would only be for cause.

The trial court heard the testimony of witnesses, and denied the prayer of plaintiff's petition, from which action of the court this appeal has been prosecuted.

The testimony introduced by the appellant established the fact that his services had always been satisfactory, and that he had been an able and faithful officer; also, that he was not advised prior to his dismissal that such was contemplated, and no reasons were ever given him for this action by the governing body of the city. The evidence on behalf of the city was to the effect that the sole reason for the abolition of the position of assistant chief of police was to effect a saving in the expense of the police department, and that the fact that the position was abolished was the cause of the appellant's dismissal.

On appeal it is urged that the trial court should have complied with § 1309 of Crawford & Moses' Digest, by making a separate finding of fact and conclusions of law as requested by the appellant, and that the undisputed evidence in the case disclosed a plain violation of

the provisions of act No. 28, *supra*. Other questions are argued by counsel for the respective parties, none of which need be discussed, as we agree with the appellee in the contention that the act relied upon by the appellant was not in operation at the time the city council abolished the position of assistant chief of police, or when Stockburger was formally notified on May 22d, following, that his services had been dispensed. If we give any effect to § 18 of said act, this conclusion necessarily follows. That section provides: "If within ninety (90) days from the passage of this act, the requisite number of qualified electors of any city affected by said act shall file a petition with the city clerk of said city requesting said act to be submitted to a vote of the people, then said act shall be suspended until same is voted on and approved. Upon the necessary petition being filed with the city clerk, it shall be his duty to certify said act at the next city general election to be voted for or against, and the result shall be determined as now provided by law in such cases."

The record discloses that within ninety days the requisite number of electors of the city filed a petition requesting the submission of the act to a vote of the people, and the same was voted on at the following city general election on the_____day of April, 1934. At that election the act was adopted, and subsequently the board of civil service commissioners was appointed, and thereafter and not before, was the act effective as to the city of Fayetteville.

In *Fiveash* v. *Holderness,* 190 Ark. 264, 78 S. W. (2d) 820, it was suggested in argument by counsel that § 18 of act No. 28, *supra,* offended against a part of the I. & R. Amendment (No. 7) to the Constitution of 1874. This question was pretermitted by the learned trial court and not noticed by this court in its opinion upholding the trial court's decision on other grounds. That part of Amendment No. 7 (I. & R.) is as follows: "This section shall not be construed to deprive any member of the General Assembly of the right to introduce any measure, but no measure shall be submitted to the people by the General Assembly, except a proposed constitu-

tional amendment or amendments as provided for in this Constitution.''

The Legislature did not attempt, by the section of the act quoted, to submit the act to the people, but simply recognized the constitutional right of municipalities to regulate their local affairs by a majority vote of the qualified electors of the municipality. The act was general in its scope, but, by § 18, could be localized so as to meet the needs of the individual municipalities of the State. This section was in recognition of Amendment No. 14 to the Constitution prohibiting the General Assembly from passing any local or special act, and had in mind also that section of Amendment No. 7, which reserves to municipalities and counties the right to enact local and special legislation. This being the purpose and effect of § 18, there was therefore no violation of the inhibition on the Legislature contained in the section of the I. & R. Amendment above quoted.

The result of our views necessarily compels an affirmance of the judgment of the trial court, and it is so ordered.