ELLIS *v.* ALLEN.

4-6410                                                          154 S. W. 2d 815

Opinion delivered October 20, 1941.

*Floyd Stein,* for appellant.

*Robert J. Purifoy* and *J. Bruce Streett,* for appellee.

MEHAFFY, J.    On August 3, 1940, the appellants filed in the Ouachita circuit court a petition for mandamus

against the members of the Board of Civil Service Commissioners and A. R. Lamb. The petitioners prayed that a writ of mandamus issue against C. C. Allen, Joseph Coan and W. A. Daniels, Board of Civil Service Commissioners, city of Camden, Ouachita county, Arkansas, ordering and directing them to proceed according to law and to answer in writing their doings on the first day of the next term of court, and that said A. R. Lamb, on final hearing of this petition, be ordered and directed to repay each and every dollar that he has drawn from the treasury of the city of Camden as salary of chief of police of the city of Camden, and for other proper relief.

Appellees filed demurrer and each of them filed answers. Evidence was heard by the court and a copy of Ordinance No. 356 was read in evidence. The ordinance is entitled: ''An ordinance to abolish the office of chief of police in the city of Camden, Arkansas, and for other purposes,'' and it contains the following clause: ''This ordinance being for the relief of the financially depressed condition of the city of Camden, an emergency is declared to exist, and this ordinance shall take effect from and after its passage.''

The only question involved in this appeal is whether a writ of mandamus should be issued to compel the civil service commissioners of the city of Camden to hold an examination for the office of chief of police.

Ordinance No. 356, to abolish the office of the chief of police of the city of Camden, was passed on December 20, 1937, and the circuit court held that said ordinance had never been repealed or revoked, and that there was no basis for a writ of mandamus against the civil service commissioners of Camden directing the holding of an examination for an office which does not exist.

This court said in the case of *Fiveash* v. *Holderness,* 190 Ark. 264, 78 S. W. 2d 820: ''The only question involved on this appeal is whether Act 28 of the Acts of 1933, known as the Civil Service Act, is applicable to the discharge of a member of the police force for economic reasons. The purpose of the Civil Service Act was not to require cities of the first class to retain all of the police force and firemen in the employment of the several

cities at the time of the passage of the act if, in the wisdom of the city council, their services could be dispensed with in the economical administration of such municipal government. The purpose of the act was to prevent their discharge or demotion without notice and an opportunity to defend against causes over which they had control or which were personal to them.''

In the case of *Satterfield, Mayor, v. Fewell, ante* p. 67, 149 S. W. 2d 949, this court said that the opinion in the case of *Fiveash v. Holderness, supra,* is applicable; and continuing, the court said in the Fewell case: ''We there quoted and followed the rule announced in 2 Dillon, Mun. Corp., § 479, that 'The purpose of the civil service statutes and of other laws prohibiting the discharge of employees without cause assigned, notice, and a hearing, is to insure the continuance in public employment of those officers who prove faithful and competent, regardless of their political affiliations. These statutes are not intended to affect or control the power of the city council or the executive officers of the city to abolish offices when they are no longer necessary or for reasons of economy. They are not intended to furnish an assurance to the officer or employee that he will be retained in the service of the city after the time when his services are required. They do not prevent his discharge in good faith and without notice when the office or position is abolished as unnecessary, or for reasons of economy'.''

The above quoted cases are applicable here. There is no evidence in the record in this case that the council, in passing the ordinance, acted in bad faith or was guilty of wrongful conduct in the passage of said ordinance.

Appellants rely on Act 28 of the Acts of 1933, the act creating the Board of Civil Service Commissioners and defining the duties and powers of said Commission.

The Supreme Court of Washington said in the case of *State, ex rel. Voris v. City of Seattle, et al.,* 74 Wash. 197, 4 A. L. R. 198, 133 Pac. 11: ''The council having the right to abolish the position occupied by relator, it would be an unwarranted usurpation for the courts to go beyond the question of the good faith of that body. We find nothing in the record to overcome that presumption

of regularity and integrity which attends every act of the coordinate branch of the government. If there was anything proven that would challenge the good faith of the council, the fact that five positions were abolished in the ordinance which abolished the relator's position is a sufficient answer and enough to sustain our holding that the motive of the council was pure and prompted by a disposition to work economy. It would certainly be harsh doctrine to hold that a city council cannot reduce the expenses of a department."

"A civil service act does not prevent the abolishing by the proper municipal authority of an office held by a civil service employee when done in good faith. And the placing of a position in the competitive class by the civil service commission will not preclude its abolition by the proper municipal authority." 43 C. J. 600.

The rule above announced is supported by many cases, among which are the following: *Funston* v. *Dist. Sch. Bd.*, 130 Ore. 82, 278 Pac. 1075, 63 A. L. R. 1410; *Fitzsimmons* v. *O'Neal*, 244 Ill. 494, 73 N. E. 797; *Phillips* v. *Mayor, etc., of the City of New York*, 88 N. Y. 245.

The city of Camden had the right, acting in good faith, to pass the ordinance abolishing the office of chief of police, and that ordinance being valid, mandamus will not lie to require the examination for an officer where the office has been abolished.

The judgment of the circuit court is affirmed.