COOK, COMMISSIONER OF REVENUES, *v.* LECROY.

4-7636                                        187 S. W. 2d 318

Opinion delivered May 7, 1945.

---

*O. T. Ward,* for appellant.

*H. V. Betts* and *Geo. M. LeCroy,* for appellee.

Holt, J. Appellees, husband and wife, filed in the Pulaski chancery court their *"Petition or Bill of Interplea in Equity,"* in which they alleged, among other things, "that the respondent, Murray B. McLeod, is the duly qualified and acting Commissioner of Revenues of the State of Arkansas; that in his capacity of such Commissioner of Revenues he has charge of, and it is his duty to supervise and enforce the levy and collection of the income tax under the Income Tax Act of 1929 of the Statutes of the State of Arkansas, Act No. 118 of 1929; that since and during petitioners' married life, the husband petitioner, Geo. M. LeCroy, has acquired in his own name and right considerable real estate, all of which is a new acquisition; that by reason of their married relations, she, the wife petitioner, has and claims dower in same, as provided by the laws of the state of Arkansas;" that petitioner "has been acquiring and selling and disposing of real estate in which the wife petitioner was endowed with her inchoate right of dower; that by mutual agreement between the two, the petitioners have been, up until the year 1943, allotting, setting aside and delivering to the wife one-third (1/3) of the net proceeds from all sales of real estate;" that on "the 12th day of December, 1941, the petitioners made and executed a pecuniary provision in lieu of dower, in compliance with § 4409 of Pope's Digest," and that said agreement was duly recorded on December 29, 1942, and is as follows: "PECUNIARY SETTLEMENT IN LIEU OF·DOWER, Exhibit 'A,' state of Arkansas, county of Union, know all men by

these presents: That, whereas, Geo. M. LeCroy is the owner of considerable real property in the state of Arkansas; and whereas, Lizzie LeCroy, his wife, owns her inchoate right of dower therein; and, whereas the said Geo. M. LeCroy, in recognition of her potential rights, has been giving to his said wife one-third (1/3) of the net proceeds from sales of land, timber, oil and gas leases and minerals, in lieu of her dower rights; and whereas, the United States Internal Revenue Department holds that she is not entitled to receive same as income to her, but that all of said sales price is income to her husband, the said Geo. M. LeCroy; and whereas, she finds from competent advice that she must relinquish her dower of her own free will and accord, and without compulsion or undue influence of her said husband; and whereas, she declines to do so without just and reasonable compensation or consideration therefor; and

"Whereas, her said husband, the said Geo. M. LeCroy, concurs and agrees with her that it is unfair, inequitable and unjust to ask her to do so and thus destroy her potential interest in his lands, he, therefore covenants with her that he will not expect her to do so in the future, but that he will in the future sell, subject to her dower, and permit her to make her own deal with the purchaser, or that he will make, in lieu thereof, a pecuniary provision for her in lieu of her dower rights and will set over and deliver to her one-third (1/3) of the net profits from any and all sales of real property, or interest therein, hereafter made.

"Now, therefore, witnesseth: That for and in consideration of the love and affection which the undersigned, Geo. M. LeCroy, doth have for his beloved wife, Lizzie LeCroy, and the further consideration of $5 to him cash in hand paid by the said Lizzie LeCroy, the said Geo. M. LeCroy does by these presents covenant, make and provide that hereafter in the sale of all real property or rights or interests in any lands, tenements, or hereditaments which the said Geo. M. LeCroy may be seized of an estate of inheritance during coverture, that he will provide and do hereby covenant and agree to and with the said Lizzie LeCroy, his wife, that he will pay to

her, or cause the purchaser to pay to her, one-third (1/3) of the net profits received from any such sale in the future, same to be paid if, as, and when received; that same, when paid to the said Lizzie LeCroy, shall become her sole and separate property to be enjoyed by her the same as a *femme sole*. Said settlement and provision is here now made, as provided by § 4409 of Pope's Digest, as a pecuniary provision in lieu of dower, which is now mutually agreed to by and between the said Geo. M. Le-Croy and Lizzie LeCroy, husband and wife.

"In Testimony Whereof, we hereunto set our hands in duplicate this 12th day of December, 1941. Geo. M. LeCroy—Lizzie LeCroy." [Then follows acknowledgment.] "That notwithstanding this instrument, the Internal Revenue Department in auditing petitioner's income taxes for the year 1941, although he was furnished for examination and inspection the originals of this instrument, declined to recognize same or to give any credence thereto and likewise held that the sale of her dower interests was income to her husband and that said funds belonged to him."

Appellees also detail a number of alleged transactions between themselves and with certain purchasers of real estate, as evidenced by a number of exhibits attached to and made a part of their petition. They further allege that the Commissioner of Revenues considers and is holding that the alleged agreement between the petitioners is of no effect in so far as it affects the determination and computation of their state income tax return for the year 1943.

The relief for which they prayed was "that the court first construe our statutes, to determine if a wife's dower is of value to her during the life of the husband, and whether she is entitled to demand and receive remuneration or consideration for her parting with same by appearing before a notary public or other officer and going through the statutory formality of relinquishing same. If the court should hold it to be of value, then decide whether husband and wife can contract with each other in settlement of the wife's dower rights in property sold

and conveyed; whether the husband has right, under the law, to sell and convey his real property, subject to the wife's dower; whether the wife is authorized under the law to make separate sale of her dower rights to purchase and receive the purchase money in her own right; whether § 4409 of Pope's Digest is good and valid and if so, then does Exhibit 'A' hereto comply with its terms and provisions; whether any part of the moneys herein pleaded, whether allocated and paid to her by the husband or whether paid to her direct by the purchasers, is income to the wife or to the husband."

Appellant, Commissioner of Revenues, answered, admitting all the allegations of the petition except (quoting from appellant's brief) "he denies that the inchoate right of dower of Lizzie LeCroy in and to the said real estate of her husband, George M. LeCroy, is such a vested interest or estate that it could be the subject of sale or conveyance by the wife and co-petitioner separate from the husband; she merely releases or relinquishes her inchoate right of dower by joining with her husband in the sale or conveyance of his real estate."

Petitioners filed demurrer to appellant's answer.

Upon a hearing, the trial court found "that the answer does not state a defense to the petition in that it fails to controvert any material allegation of the petition or any of its exhibits; that the acts of petitioners were authorized by law, and they were acting within their legal rights in dealing with each other and with third parties with regard to the wife's dower rights in her husband's property in manner and form as set forth in the petition and its exhibits; that all the various sums of money set forth in the petition as received by petitioner, Mrs. Lizzie LeCroy, in lieu of her dower rights, whether received directly from her husband or from other parties, was and is income to her and was and is her sole and separate estate, to the same extent as if she were a *femme sole*, therefore said funds are chargeable to her for income and all other taxable purposes. Further, the husband had no interest in any funds paid to or received by the wife as a consideration for her parting

with her dower interest or claim in her husband's real estate and is not due any tax thereof,'' and entered a decree accordingly. This appeal followed.

After a careful review of the record presented, we have reached the conclusion that no judicial controversy, or justiciable issue, is presented. There is no demand here by the Revenue Commissioner for any specific amount of taxes assessed on the income of appellees, which they have refused to pay. The case presented is not an adversary proceeding involving a real controversy, which was finally determined by the decree of the trial court. What is sought by appellees is, in effect, an advisory decree, or declaratory judgment, and an affirmance on appeal, on a moot question which we are without authority to give. We find no law in this state empowering its courts to issue or render declaratory judgments or decrees, and as the textwriter says in 16 American Jurisprudence, p. 277, § 4: ''While in a limited class of cases the courts have been accustomed to render what amount to declaratory judgments, they will not, as a general rule, render a declaratory judgment in the absence of a statute authorizing the rendition of such judgments.''

Accordingly, the proceedings are remanded to the lower court with directions to dismiss the complaint for want of jurisdiction.