CHRISTY, COMMISSIONER, *v.* SPEER, JUDGE.

4-8125.                                    197 S. W. 2d 466

Opinion delivered November 25, 1946.

*Guy E. Williams,* Attorney General, and *Carl Langston,* Assistant Attorney General, for petitioner.

*Claude E. Love, C. B. Crumpler, Floyd Stein, S. E. Gilliam, W. L. Jean, T. P. Oliver, Wayne Jewell, Mahony & Yocum, Silas W. Rogers* and *J. G. Ragsdale,* for respondent.

ROBINS, J. By petition for writ of certiorari the Commissioner of the State Department of Public Welfare asks us to bring up for review and to quash the following order entered by the respondent, Hon. W. A. Speer, Judge of the Union Probate Court:

"Now on this the 19th day of September, 1946, for the promotion of justice, to avoid confusion in the administration of law and justice and to prevent undue interference with the orderly process of the court, upon the Court's own motion, and being well and sufficiently advised as to the law, the Court doth find and order:

"That § 4, Act 137, Acts of Arkansas, 1935, pertaining to investigation of adoption petitions by the State Juvenile Department, or its authorized agents, be and the same is hereby declared and held to be unconstitutional and void and an undue interference with the orderly process of the Courts and all such investigations by the said State Juvenile Court Department, or its authorized agents are hereby held to be null and void and of no force and effect.

"That the said State Juvenile Court Department, or its authorized agents are hereby ordered to desist and cease from making investigations of any petition and reporting hereon in any adoption petitions now pending, or hereafter filed in this Court.

"That the Probate Clerk of Union county is ordered and directed to discontinue furnishing the said State Juvenile Court Department with copies of said petitions of adoption as provided in said § 4 of said Act 137 of the Acts of 1935."

It is argued by petitioner that the lower court had no right, in the absence of some actual proceeding before the lower court, to enter the order complained of, and further, that the order was erroneous because § 4 of Act

137 of the General Assembly of Arkansas of 1935 (§ 257, Pope's Digest) is not unconstitutional.

While the order is not so designated, it was in effect a rule adopted by the court for the guidance of the clerk, the court's ministerial officer. Even in the absence of statutory authority for so doing, courts have the inherent power to make such rules, not in conflict with the Constitution or any valid statute, as the court may deem necessary for the prompt and efficient handling of matters before it. *Hixon* v. *Weaver,* 9 Ark. 133; 14 Am. Jur. 355.

In this state, courts are not authorized to render declaratory judgments, and they deal only with actual controversies. *Kays* v. *Boyd,* 145 Ark. 303, 224 S. W. 617; *Micklish* v. *Grand Lodge of the Loyal Star,* 162 Ark. 71, 257 S. W. 353. "In general, the courts do not determine speculative and abstract questions of law, . . . ; they are confined in their judicial action to real controversies wherein the legal rights of parties are necessarily involved and can be conclusively determined." 1 Am. Jur. 417.

Hence we do not pass upon the propriety of any rule promulgated by a lower court until some party to litigation deems himself aggrieved by the application of such rule in his case; and, therefore, we may not consider the correctness of the order herein complained of, unless and until, in some proceeding for adoption instituted in the court below, the Welfare Commisisoner or some other party shall make the contention that this order operates to his disadvantage or to the impairment of proper administration of the law. The petition filed herein presents no justiciable controversy and is therefore dismissed and the writ discharged.