CONNOR v. RICKS, MAYOR.

4-8508                                                  208 S. W. 2d 10

Opinion delivered February 2, 1948.

834

*Curtis L. Ridgway* and *Ernest Maner,* for appellant.

*R. J. Glover* and *Hebert & Dobbs,* for appellee.

ED. F. McFADDIN, Justice.   The question on this appeal is whether the mayor of a city—which is operating under the Municipal Civil Service Act—has the right to appoint the chief of police of such city.

The Arkansas Legislature, by Act 28 of 1933,* enacted a comprehensive civil service law affecting the

---

* This act may be found in §§ 9945 to 9964, inclusive, Pope's Digest.   It has been before this court in many cases, some of which are:   *Fiveash* v. *Holderness,* 190 Ark. 264, 78 S. W. 2d 820; *Stockburger* v. *Combs,* 190 Ark. 338, 78 S. W. 2d 816; *Stockburger* v. *Cruse,* 191 Ark. 822, 88 S. W. 2d 70; *Civil Service Commission* v. *Cruse,* 192 Ark. 86, 89 S. W. 2d 922; *Civil Service Commission* v. *McDougal,* 198 Ark. 388, 129 S. W. 2d 589; *McAllister* v. *McAllister,* 200 Ark. 171, 138 S. W. 2d 1040; *Ward* v. *Ft. Smith,* 201 Ark. 1117, 148 S. W. 2d 164; *Ellis* v. *Allen,* 202 Ark. 1007, 154 S. W. 2d 815; *Civil Service Commission* v. *Matlock,* 205 Ark. 286, 168 S. W. 2d 424; *Id.,* 206 Ark. 1145, 178 S. W. 2d 662; *Id.,* 208 Ark. 529, 186 S. W. 2d 936; *Allen* v. *Baird,* 208 Ark. 975, 188 S. W. 2d 505; *Stout* v. *Stinnett,* 210 Ark. 684, 197 S. W. 2d 564.

police and fire departments in cities of the first class. The act is referred to as the "Municipal Civil Service Act." It is admitted by all parties to this litigation that the city council of Hot Springs by appropriate ordinance established the civil service procedure for the Hot Springs police department. The city council selected the civil service commissioners, and duly approved the rules and regulations of the board of civil service commissioners of such city. Section 15 of said rules and regulations made the following classifications in rank of the Hot Springs police department: (1) chief of police, (2) assistant chief of police, (3) captain, (4) lieutenants, (5) detective and desk sergeant, and (6) patrolmen. The said section also stated just what grades were eligible to take the examination for promotion to the next higher grade.

With the foregoing conditions existing, the mayor of Hot Springs attempted to appoint a chief of police; and this litigation challenged such authority of the mayor. The chancery court held that the mayor had the authority to appoint the chief of police; and from that decree there is this appeal. Appellees point—*inter alia* —to § 9844, Pope's Digest, as authority for the mayor's right of appointment. This section (originally from Act 67 of 1885) states that the mayor shall have "the power to choose and appoint the chief of the police department . . . ." Against this statutory provision, the appellants point to Act 28 of 1933 as taking such power away from the mayor. In reply, appellees say that Act 28 of 1933 did not *expressly* repeal § 9844, Pope's Digest, and that a repeal by implication is not favored. With these contentions ably presented—as they are—we come to the question first posed in this opinion.

We hold that the mayor of Hot Springs does *not* have the power to appoint the chief of police. Prior to Act 28 of 1933 the mayor undoubtedly had the power to make such appointment under § 9844, Pope's Digest. But the 1933 act, in the concluding portion of section 1 thereof, stated: " . . . provided that this act shall not apply to the chief of police in all cities which now

have, or may hereafter have, a commission form of government, and provided further that the chief of police in said cities shall be appointed and removed as now provided by law.''

We know from the legislative journals—of which we take judicial notice—that the language above quoted was duly added by amendment before the bill was finally adopted. This amendment evidenced an unmistakable legislative intent to exclude from the operation of the municipal civil service act the selection of the chief of police in any city having a commission form of government. By expressly excluding the cities having the commission form of government, the Legislature made apparent its conclusion that in all other cities the appointment of the chief of police would be governed by the municipal civil service act. Hot Springs does not have the commission form of government.

Furthermore, in the case of *Stout* v. *Stinnett*, 210 Ark. 684, 197 S. W. 2d 564, in denying the claimed right of a city to have two chiefs of police, we had occasion to consider and discuss the present method of selecting a chief of police; and in that case we said: ''Prior to the passage of Act 28 of 1933, the power to appoint the chief of police reposed in the mayor. . . . The act of 1875 gave the mayor the power to appoint 'the chief of the police department' as well as the right to suspend him for cause. This power has now been taken away from the mayor and placed in the hands of the civil service commission by Act 28, *supra*.'' *

Thus, the statute as construed in *Stout* v. *Stinnett*, *supra*, makes clear the fact that Act 28 of 1933 took from the mayor, and placed in the civil service commission, the power to appoint a chief of police in all cities affected by the Act, except those operating under the commission form of government. That this Act 28 worked a limitation on the mayor's power as previously possessed under § 9844, Pope's Digest, is too clear to admit of doubt. Of course, the entire § 9844, Pope's Digest, was not repealed,

---

* There was a dissent by the Chief Justice in the case of *Stout* v. *Stinnett*, *supra*; but I am authorized to state that the dissent did *not* go to the point discussed and decided in the present case.

but only so much of the section as theretofore had empowered the mayor to name the chief of police, in cities operating under the aldermanic system.

In this present appeal we are asked also to state whether the Civil Service Commission of Hot Springs could legally and validly appoint George Callahan as chief of police. That is, we are asked to say whether Callahan possesses all of the legal qualifications necessary for an appointment as chief of police even by the civil service commission. There is no evidence in this record that the civil service commission of Hot Springs has made, or is contemplating the making of, such an appointment. Therefore, we do not decide this question, because such a decision would be only a declaratory pronouncement. What we said in *Micklish* v. *Grand Lodge,* 162 Ark. 71, 257 S. W. 353, is apropos: "The courts do not sit for the purpose of determining speculative and abstract questions of law, or laying down rules for the future conduct of individuals in their business and social relations, but are confined in their judicial action to real controversies, where the legal rights of parties are necessarily involved and can be conclusively determined." See, also, *Cook* v. *LeCroy,* 208 Ark. 673, 187 S. W. 2d 318; *Little Rock School District* v. *Arkansas Public Service Commission,* 210 Ark. 165, 194 S. W. 2d 874; *Christy* v. *Speer,* 210 Ark. 756, 197 S. W. 2d 466. So, we leave undecided any question as to Callahan's eligibility for appointment by the Hot Springs civil service board. What we decide here is, that the mayor does not have the power to appoint the chief of police under the facts in this case.

For the error indicated, the decree is reversed and the cause remanded with directions to enter a decree in keeping with this opinion.