The Honorable Larry Mitchell State Representative P.O. Box 81 Bryant, AR 72022
Dear Representative Mitchell:
This is in response to your request for an opinion regarding the authority of the Civil Service Commission under Act 326 of 1949. You have asked, specifically, whether the Civil Service Commission or the City Council is responsible for hiring the police chief and the fire chief of a city.
I assume that your question is asked with respect to a city of the first class operating under the mayor — city council form of government, also known as the aldermanic form of government, and that the city has adopted the provisions of Act 28 of 1933 under which the Arkansas Legislature enacted a comprehensive civil service law affecting the police and fire departments in first-class cities.
The Arkansas Supreme Court addressed your question in the case of Connor v. Ricks, 212 Ark. 833, 208 S.W.2d 10 (1948). The Court stated the following in concluding that the Civil Service Commission has the power under Act 28 of 1933 to appoint a chief of police:
 We hold that the mayor of Hot Springs does not have the power to appoint the chief of police. Prior to Act 28 of 1933 the mayor undoubtedly had the power to make such appointment under Section 9844, Pope's Digest [A.C.A. 14-43-504].
But the 1933 Act, in the concluding portion of section 1 therefore, stated: `. . . provided that this act shall not apply to the chief of police in all cities which now have, or may hereafter have, a commission form of government, and provided further that the chief of police in said cities shall be appointed, and removed as now provided by law.'. . . By expressly excluding the cities having the commission form of government, the legislature made apparent its conclusion that in all other cities the appointment of the chief of police would be governed by the Municipal Civil Service Act.
212 Ark. at 835-836.
It should be noted that the exclusion under the 1933 Act with respect to cities having a commission form of government has been repealed. This exclusion was initially continued under Act 326 of 1949 [see Section 3(a)]. Section 3(a) of Act 326 of 1949 was then repealed by Act 97 of 1959. It is my opinion, however, that this repeal does not affect the conclusion reached in Connor v. Ricks with respect to the Commission's appointive authority. The language of the 1933 Act may still be relied upon as a guide to legislative intent, notwithstanding the fact that the civil service act now also applies to cities with a commission form of government.
It is also significant to note that the Arkansas Supreme Court had already considered this question prior to Connor v. Ricks. Indeed, the court in Connor cited to its prior ruling in Stout v. Stinnett, 210 Ark. 684, 197 S.W.2d 564 (1946) wherein it was stated:
 Prior to the passage of Act 28 of 1933, supra, the power to appoint the Chief of Police reposed in the Mayor. . . . This power has now been taken away from the Mayor and placed in the hands of the Civil Service Commission by Act 28, supra.
 212 Ark. at 836, citing Stout v. Stinnett, 210 Ark. at 686.
While the court was concerned in those cases with the appointment of the police chief, it may reasonably be concluded that these rulings would also be applied to the fire chief. It is therefore my opinion that the power to appoint the chief of police and the fire chief in cities of the first class operating under the mayor-city council form of government is reposed in the Civil Service Commission. We are aware of no authority for the City Council's modification of this law to provide for its appointment of these officers in such cities.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.