The Honorable Mike Beebe State Senator 211 Arch Street Searcy, Arkansas 72143
Dear Senator Beebe:
This is in response to your request for an opinion on whether a city council in a mayor/council form of government may override the action of a mayor in hiring, firing, or selection of police or fire chiefs.
In my opinion, the answer to your question is "no."
Your question refers implicitly to A.C.A. § 14-42-110, which allows a two-thirds vote "override" by the city council of appointments and removals of department heads made by the mayor. As we shall see, however, other more specific statutory provisions are relevant to your question.
I understand that your question refers to a city of the first class which does not have a civil service commission for its police and fire departments.[1]
In a city of the first class, without a civil service commission, the power of appointment is in the mayor. (A.C.A. §14-43-504(e)(2) (Cum. Supp. 1991). The ultimate power of removal of the police or fire chief, in a city which either does or does not have a civil service commission, appears to lie with the city council, although the removal must be instigated by the mayor. A.C.A. § 14-43-505. See again, Opinion No. 91-188.[2]
Your question is therefore, whether the city council can override, by a two-thirds vote, the action of the mayor in appointing a police or fire chief in a city without a civil service commission, or whether the council can remove the chief without the mayor making a recommendation to remove the chief as contemplated by both A.C.A. § 14-43-504 (Cum. Supp. 1991), and A.C.A. § 14-43-505, in a city either with or without a civil service commission. The relevant statute as regards the power of the mayor in such cases, A.C.A. § 14-43-504(e)(2) provides in pertinent part:
 Mayors shall have the power to choose and appoint the chief of the police department and chief of the fire department, who shall hold office until the following election for mayor, and until a successor is appointed by the incoming mayor, unless sooner removed for cause;
The statute goes on to provide that the mayor may suspend for inefficiency, misconduct, or neglect of duty, the chief of police or of the fire department until the next meeting of the council, where the mayor will bring the matter before the council. The council then has the opportunity to remove the chief from office. If they do not, the suspension ceases, and the chief retains his position. A separate statute, A.C.A. § 14-43-505, provides that the city council alone, upon recommendation by the mayor in this fashion, has the authority to remove the chief. It appears, however, that the council does not have authority to remove the chief without this recommendation made by the mayor. If the mayor makes the recommendation, however, the council may choose to remove or not to remove the chief.
It is therefore my opinion that in cities of the first class, with the mayor-council form or government, where the city has no civil service commission, the mayor appoints the chiefs of the police and fire departments, and they shall serve until the following election for mayor, until their successor is appointed, and they will only be removed for cause. There is no provision for a confirmation or ratification of the mayor's selection by the city council. The statute above provides that the mayor shall appoint the chief, and the chief can only be removed for cause. The council does have the power of removal, but the statute giving it this authority states that removal shall be "on recommendation of the mayor for inefficiency, misconduct, or neglect of duty. . . ." A.C.A. § 14-43-505.
It is thus my opinion that the mayor's selection or appointment of a chief is not subject to any action by the council. The council's only authority is to decide whether to remove the chief, when a recommendation to this effect has been made by the mayor. To this extent, the city council cannot "override" the action of the mayor as regards hiring, firing and selection of the chiefs of police and the fire department.
A.C.A. § 14-42-110 does not change this result. This statute provides that:
 Unless otherwise provided by state law, mayors in cities of the first class and second class and incorporated towns shall have the power to appoint and remove all department heads . . . unless the city or town council shall, by a two-thirds (2/3) majority of the total membership of the council, vote to override the mayor's action. [Emphasis added.]
In my opinion, in cities of the first class, the procedure for appointment and removal of police and fire chiefs is "otherwise provided by state law." See A.C.A. § 14-43-504 and § 14-43-505, A.C.A. § 14-51-101 — 311 (regarding civil service), and Op. Att'y. Gen. No. 87-124, copy enclosed. Additionally, recognized rules of statutory construction dictate that where a special statute governs a particular subject, it shall apply instead of a general law. Brown Root, Inc. v. Hemstead County Sand andGravel, Inc., 767 F.2d 464 (8th Cir. 1985).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] In cities with civil service, the Civil Service Commission is the entity with the duty and authority to appoint the police and fire chief, and the ultimate power of removal appears in these instances to be with the city council, although it appears that the removal must be instigated by the mayor. Seegenerally, Connor v. Ricks, 212 Ark. 833, 208 S.W.2d 10
(1948); Op. Att'y. Gen. No. 88-116, copy enclosed; Op. Att'y. Gen. No. 91-188, copy enclosed, at 4; and A.C.A. § 14-43-505 and n. 2 infra.
[2] There has been no decision of the Arkansas Supreme Court to date holding that the enactment of the civil service statutes has taken away the council's power of removal, although the court has held that such statutes have taken away the mayor's power of appointment. See Connors, supra.