The Honorable Dennis Young State Representative P.O. Box 1835 Texarkana, AR 75504
Dear Representative Young:
This is in response to your request for an opinion regarding the appointment, discipline, and termination of police and fire chiefs in a city with the city manager form of government. Specifically, you note that the City of Texarkana, Arkansas is in the process of changing from a Public Safety Department to the standard system of having a separate police chief and fire chief. In light of this development, you pose the following questions:
 1. In city manager form of government in a city of the first class with a population over 20,000, what are the methods to be utilized regarding the employment, termination, and discipline procedures of police chiefs and fire chiefs?
 2. Will the police chief and fire chief be covered by civil service statutes, and if so, which particular statutes?
It is my opinion that the answer to your first question depends upon whether the City of Texarkana has enacted a civil service system for its police officers and firefighters pursuant to A.C.A. § 14-51-101—311 (1987). You have not indicated in your request whether this has occurred.[1] If so, in my opinion the civil service commission has the power to appoint the police and fire chiefs. The commission would also have (simultaneously with the city manager, if so invested by ordinance) authority to discipline the police and fire chiefs to the extent the commission would be enforcing its own rules and regulations. The authority to terminate the police and fire chief in such cities is unclear under current law. A question arises as to whether the civil service commission would have the authority to terminate the police and fire chiefs, or whether the city manager may remove these officials with the approval of a majority of the board of directors. In my opinion, however, in cities with the management form of government, in all likelihood the civil service commission has the authority to terminate the chiefs of the police and fire departments.
If the City of Texarkana has not enacted a civil service system for its police officers and firefighters, in my opinion the city manager may nominate a candidate or candidates for the position of police or fire chief, subject to "confirmation" by the board. The chiefs would be subject to discipline by the city manager (if invested with such authority by the board), and their employment would be terminable by the city manager with the approval of a majority of the board.
It should be noted from the outset that there are no statutes governing the procedure to undertake when a city with the city manager form of government changes back from a public safety department to the usual system of having separate police and fire chiefs. Cf. A.C.A. §§ 14-42-401—413 (1987). Reference must simply be had to the statutes governing the appointment and supervision of officials in cities with the city manager form of government. See A.C.A. §§ 14-47-101—139 (1987).[2] In my opinion, these statutes are also subject to the provisions of A.C.A. §§ 14-51-101—311 in cities which have enacted civil service commissions for their police and fire departments. If the city has adopted a civil service system for these employees, in my opinion the power to appoint the police and fire chiefs lies in the civil service commission. See A.C.A. §14-51-301(b)(1)(A), as amended by Act 206 of 1993, Connor v.Ricks, 212 Ark. 833, 208 S.W.2d 10 (1948), and Op. Att'y Gen. No. 88-116 (copy enclosed). Although neither the case cited nor the opinion enclosed involved a city with the city manager form of government, in my opinion the analysis which led to the decision in each is equally applicable in cities with the city manager form of government. In addition, the statute which gives the city manager authority to nominate, subject to confirmation by the board, persons to fill vacancies in any office to which the board's appointive authority extends, contains a provision which says "the provisions of this subdivision shall have no application to offices and employments controlled by any civil service or merit plan lawfully in effect in the city." A.C.A. §14-47-120(4)(C).
The power to "discipline" a police or fire chief in city manager cities with a civil service commission for police officers and fire fighters is less apparent. Ordinarily, the city manager (if invested with the authority by ordinance) has the power to supervise and control all administrative departments, agencies, offices, and employees." A.C.A. § 14-47-120(1). He also has the power to "inquire into the conduct of any municipal office, department, or agency which is subject to the control of the board. . . ." A.C.A. § 14-47-120(3). Finally, he or she is invested with all the powers which may be vested in mayors in cities with the aldermanic form of government. A.C.A. §14-47-120(10). See in this regard, A.C.A. § 14-52-101
(concerning police departments). It should also be noted, however, that if the city has a civil service commission for police officers and firefighters, the commission will be responsible for enforcing its own rules and regulations with regard to the conduct of police officers and firefighters. In my opinion, therefore, the chiefs may be "disciplined" or subject to the control of either the city manager or the civil service commission, depending upon the jurisdiction of the particular infraction or issue giving rise to discipline. See, in thisregard, Opinion No. 91-188 (copy enclosed).
The power of termination over police and fire chiefs is not entirely clear under the statutes. See however Op. Att'y Gen. Nos. 91-188, 91-395, and 91-395A (copies enclosed) (concluding that the power of termination is still with the city council upon recommendation of the mayor). It appears, however, that the question may be somewhat clearer in cities with the management form of government. Section 14-47-120(4) gives the city manager the power to remove all officials who under laws (whether applicable to the aldermanic or management form of government) may be removed by the city's legislative body. The removal must be approved by the board. Even if an aldermanic council does possess such authority, the statutes governing the city manager form of government also provide that the removal power of the city manager "has no application to offices and employments controlled by any civil service or merit plan lawfully in effect in the city." To the extent, therefore, that the police and fire chief positions are "controlled" by civil service, this provision in all likelihood does not invest any removal power in the city manager. It is therefore my opinion, although the question is not entirely clear, that in cities with the city manager form of government, the power of removal of the police and fire chiefs lies with the civil service commission.
If the City of Texarkana has not adopted a civil service commission for its police officers and firefighters, then in my opinion the police and fire chiefs are to be nominated by the city manager, subject to confirmation by the board. A.C.A. §14-47-120(4)(A). The chiefs may be "disciplined" by the city manager, to the extent this authority has been conveyed by ordinance under A.C.A. § 14-47-120(1). See also A.C.A. §14-47-120(10) as to the city manager's authority in this regard. The power to remove the chiefs is vested in the city manager, subject to approval of the board. A.C.A. § 14-47-120(4)(B).
In response to your second question, it is my opinion that the police chief and fire chief will be covered by the civil service statutes found at A.C.A. §§ 14-51-101—311, if the City of Texarkana has adopted such a system for its officers. Seealso Op. Att'y Gen. No. 93-139. With regard to the control or discipline of the chiefs, however, the city manager possesses some authority.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosures
[1] Cities with the management form of government are authorized to adopt such systems (A.C.A. § 14-47-127(b)), and the adoption of the city manager form of government does not terminate or otherwise impair such a system already adopted. A.C.A. § 14-47-123 (a).
[2] In my opinion, the fact that the City is changing from a public safety department to a separate police department and fire department does not make these two departments "new departments" under A.C.A. § 14-47-131, giving the board the option of specifying whether the chiefs will be subject to civil service.See A.C.A. § 14-47-131(a)(4).