CO-ARK. CONSTRUCTION CO. *v.* AMSLER, JUDGE.

5-2496             352 S. W. 2d 74

Opinion delivered November 20, 1961.

[Rehearing denied January 8, 1962.]

*Barber, Henry Thurman & McCaskill,* for appellant.

*Williams & Gardner,* for appellee.

JIM JOHNSON, Associate Justice. The issue in this case is whether a writ of prohibition shall be granted. Petitioner, Co-Ark. Construction Company, Inc., seeks the Writ to Prevent the Circuit Court of Perry County

from hearing this case alleging that such Court does not have jurisdiction to determine the cause of action since the Workmen's Compensation Commission has exclusive jurisdiction of the claim of June Evelyn Cody, Administratrix, *et al.*

On October 12, 1960, Calvin Cody (deceased) was employed by Co-Ark. Construction Company, Inc., to haul rock in his dump truck and deliver it to a location on the Arkansas River. On the same day Cody was fatally injured when a cable attached to the front end of his truck broke causing his truck to overturn.

In a letter dated December 2, 1960, copy of which was mailed to Mrs. Cody, the insurance carrier of Co-Ark. requested that a hearing be set before the Referee of the Workmen's Compensation Commission to *determine dependency* and to *establish the average weekly wage.* The Workmen's Compensation Commission sent a notice of the hearing to the respective parties, stating that the hearing would be held January 9, 1961, "to determine who are dependents of the deceased." Mrs. Cody appeared at the hearing but was not represented by counsel.

Even though the hearing before the Workmen's Compensation Referee was instigated entirely by the insurance carrier and such hearing was limited by the Commission to the questions of dependency and average weekly wage, the Referee not only made findings relative to those matters but went further and found that the worker, Calvin Cody, was an employee of Co-Ark. Construction Company on the date of his death; that Cody sustained an accidental injury arising out of and in the course of his employment and directed the insurance carrier to pay maximum compensation benefits to Cody's widow and the two children.

A Petition for Review by the Full Commission was filed by Mrs. Cody objecting to and appealing from the findings of the Referee.

Meanwhile, on February 20, 1961, a complaint at law was filed in the Circuit Court of Perry County by Mrs. Cody alleging that Calvin Cody was an independent contractor and sued for damages due to the negligence of Co-Ark's. employees. Co-Ark. Construction Company, Inc., filed a Motion to Dismiss the complaint alleging that the Arkansas Workmen's Compensation Commission had exclusive jurisdiction of the matter.

On April 5, 1961, the Circuit Court of Perry County rendered its Order overruling the Motion to Dismiss, from which comes the Petition for Writ of Prohibition.

This Court has repeatedly held that prohibition will not be granted in any case where the jurisdiction of the court is dependent upon the determination of contested facts. See: *Clement* v. *Williams, Chancellor,* 227 Ark. 199, 297 S. W. 2d 656; *Twin City Lines, Inc.,* v. *Cummings, Judge,* 212 Ark. 569, 206 S. W. 2d 438; *Murphy* v. *Trimble,* 200 Ark. 1173, 143 S. W. 2d 534; *Metropolitan Life Ins. Co.* v. *Jones,* 192 Ark. 1145, 97 S. W. 2d 64; *Stockburger* v. *Combs,* 190 Ark. 338, 78 S. W. 2d 816; *Merchants & Planters' Bank* v. *Hammock,* 178 Ark. 746, 12 S. W. 2d 421.

In the instant case, the jurisdiction of the Circuit Court is dependent upon the establishment of the worker's status, *i.e.,* the question of fact as to whether he was an independent contractor, or whether he was an employee of Co-Ark. Construction Company. This finding of fact will determine the forum of adjudication of this cause.

It follows, therefore, that the Circuit Court of Perry County has jurisdiction to determine the fact question as to the worker's status in the trial of the cause there pending, and to issue such orders to the parties, upon proper petition, to stay the proceedings before the Workmen's Compensation Commission until the case is decided in the Circuit Court. If it should be found in the Circuit Court that the worker was in fact an employee of Co-Ark. Construction and not an independent con-

tractor, then upon further determination by the Workmen's Compensation Commission the employer or carrier will be entitled to claim the allowance provided for such situations as set out in § 81-1318 (3) of the Workmen's Compensation Act.

Writ of Prohibition denied.