Barbara Sue HELMS et al *v.*
SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY

83-256                                                664 S.W.2d 870

Supreme Court of Arkansas
Opinion delivered February 27, 1984

*Bill W. Bristow, P.A.* and *Mooney & Boone,* by: *Joe C. Boone,* for appellants.

*Barrett, Wheatley, Smith & Deacon* and *David Rees,* for appellee.

DARRELL HICKMAN, Justice. This case arises from the tragic school bus accident outside Uno, Arkansas, Poinsett County, which killed five faculty members, four students, the driver, and injured the remaining 29 passengers. It is undisputed that at the time of the accident the teachers and the driver were employees of the Jonesboro School District and acting within the scope of their employment. The school district's insurance company, Southern Farm Bureau Casualty Insurance, interpleaded $500,000, which was the proceeds of the district's policy. One of the injured teachers and representatives of two teachers who had been killed claimed part of the proceeds.

Several of the students filed a motion for a declaratory judgment arguing that the teachers were not entitled to any part of the policy proceeds. The district court agreed with the students and found that the teachers' remedy was either under workers' compensation coverage or a claim against the driver's personal estate; but that the driver was not an insured under the policy as against claims by the teachers or their representatives. On appeal the teachers argue that it is against public policy to foreclose their right to the insurance policy proceeds under Act 165 of 1969. That act grants political subdivisions, including school districts, tort

immunity, but requires them to carry liability insurance on their motor vehicles. The appellants argue that either the driver of the bus should be considered an "insured" under the school district's policy, or that they should be allowed to sue the school district itself.

Arkansas has granted school districts immunity from tort liability. Ark. Stat. Ann. § 12-2901 (Repl. 1979). We have said that that statute is a clear and unambiguous statement of public policy. *Sullivan* v. *Pulaski County*, 247 Ark. 259, 445 S.W.2d 94 (1969). It is also required that school districts carry liability insurance on motor vehicles in the minimum amounts prescribed by the Motor Vehicle Safety Responsibility Act. Ark. Stat. Ann. § 12-2903 (Repl. 1979). See also *Sturdivant* v. *City of Farmington*, 255 Ark. 415, 500 S.W.2d 769 (1973); Ark. Stat. Ann. § 75-1466 (Supp. 1983).

Because of the above requirements, the Jonesboro School District was obligated to be insured on its motor vehicles for at least $25,000 per person and $50,000 per occurrence. Jonesboro School District insured itself far in excess of the limits and obtained a policy for $300,000/$500,000. The policy has a standard section which provides:

> The insurance with respect to any person or organization other than the named insured does not apply . . . to any employee while engaged in the business of his employer, with respect to bodily injury to another employee of the same employer injured in the course of such employment. . . .

That provision clearly precludes suit against one employee by another for part of the policy proceeds. In the "Exclusions" portion of the policy is the following provision:

> This policy does not apply: . . . (1) to bodily injury to any employee of the insured. . . .

Ark. Stat. Ann. § 80-1237 (Repl. 1980) provides that officers and employees of public schools shall be covered by workers' compensation. Ark. Stat. Ann. § 80-1238 (Repl.

1980) provides that the Workers' Compensation Commission will have exclusive jurisdiction of claims by public school employees. In *W. M. Bashlin* v. *Smith*, 277 Ark. 406, 643 S.W.2d 526 (1982), we stated that it is without question that, except in certain cases, workers' compensation is the exclusive remedy between an employer and an employee. We also said that other statutes must yield to the Workers' Compensation Act because it is in the interest of public policy to give that act priority as an exclusive remedy.

We see nothing in the insurance policy provisions that violates the legislative intent of Act 165. Act 165 obviously did not intend to make all victims whole; indeed, although the legislature provided for some means of redress in § 12-2903, the limitations put on those requirements are explicit. Those limits were recently approved in *Thompson* v. *Sanford*, 281 Ark. 365, 663 S.W. 2d 932 (1984), and clearly indicate that the legislature did not propose to give one hundred percent redress in every case. Act 165 merely strives to have political subdivisions bear some responsibility for injuries caused by negligence.

The teachers and their representatives have a remedy with workers' compensation, and we see no violation of public policy in denying them the benefit of the proceeds of the school district's insurance policy. See *Medlar* v. *Aetna Insurance Co.*, 127 Vt. 337, 248 A.2d 740 (1968).

Affirmed.