Darryl Lynn RANKIN and Mrs. Darryl Lynn Rankin *v.* FARMERS TRACTOR & EQUIPMENT COMPANY, INC.

94-541                                    888 S.W.2d 657

Supreme Court of Arkansas
Opinion delivered December 12, 1994

28

*David Hodges*, for appellants.

*Friday, Eldredge & Clark*, by: *Guy Alton Wade*, for appellee.

TOM GLAZE, Justice. The primary issue in this appeal is whether appellant Darryl Rankin's suit for negligence against Farmers Tractor & Equipment Company, Inc., is barred by the exclusivity provisions of the Workers' Compensation Act. This dispute commenced when a workers' compensation claim form was filed, reflecting that, on July 12, 1993, Rankin notified his

employer, Farmers Tractor and Equipment Company, Inc., that he sustained a work-related injury on June 29, 1993. After an initial investigation of the claim, Farmers, on July 23, 1993, controverted Rankin's claim, alleging Rankin's injury had not arisen in the course and scope of employment. Farmers' bases for controversion were that Rankin had had back problems before, he had not duly reported this specific work incident, and his co-workers denied that the incident ever occurred.

On September 15, 1993, Rankin and his wife filed suit against Farmers in circuit court, alleging that Rankin injured his back moving a desk and Farmers' negligence was the proximate cause of his injury. On October 4, 1993, Farmers moved to dismiss, stating the Rankins' complaint was barred by Ark. Code Ann. § 11-9-105(a) (Supp. 1993), the exclusive remedy provision of the Workers' Compensation Act. Farmers further moved for a protective order, requesting Rankin be precluded from conducting discovery against Farmers because it was not subject to suit under the exclusivity provision of the Workers' Compensation law. Rankin agreed no discovery should be done pending the resolution of Farmers' motion to dismiss, so the trial court entered an order granting Farmers' request for protective order.

Rankin filed an affidavit, alleging he was an employee of Dickey Machine Works (Dickey) at the time of the June 29, 1993 incident, and was not an employee of Farmers. In response, Farmers filed supplemental exhibits that reflected the following: (1) Exhibit A included the certificate of the Secretary of State's office that Farmers applied for and received authority to operate under the fictitious name of Dickey Machine Works and that this authority had been certified on October 15, 1992, prior to the date of the alleged work incident on June 29, 1993; (2) Exhibit B was a certified copy of the application for the fictitious name of Dickey which was filed by Farmers. On January 5, 1994, Farmers also filed an affidavit of its chief executive officer, Bill Jones, setting out that (1) Farmers had operated under the fictitious name of Dickey, (2) Dickey is a part of Farmers and not a separate legal entity, (3) Rankin was employed and paid by Farmers at the time of the alleged injury on June 29, 1993, and (4) Farmers provided workers' compensation insurance coverage for all of its employees who were injured within the course and scope of employment.

Subsequently, Rankin sought to depose CEO Bill Jones. Farmers agreed, stating that Jones would be produced for the limited purpose of discussing issues related to Farmers' motion to dismiss and Rankin's employment relationship to Farmers. Rankin then cancelled Jones's deposition, and filed a motion with the court to enter an order prohibiting any restrictions on the discovery deposition of Jones.

At the request of the parties, the trial court set a hearing date for February 18, 1994, to consider "various pending matters." On that date, the trial court conducted a hearing on Farmers' motion to dismiss and other matters before the court. Upon a review of the pleadings, exhibits and arguments of counsel, it determined that Farmers' motion to dismiss should be granted because the court lacked subject matter jurisdiction under the Workers' Compensation exclusivity provision, § 11-9-105(a). On March 8, 1994, an order to that effect was entered dismissing the action with prejudice. Rankin appeals from that order.

Rankin first complains that, at the February 18 hearing, the trial court, without notice, improperly converted Farmers' motion to dismiss into a motion for summary judgment. Rankin argues that, under the circumstances in this case, the trial court was restricted to reviewing the facts alleged in his complaint when considering Farmers' dismissal motion, and because the court looked beyond the complaint, it erred. *See Mid-South Beverages, Inc.* v. *Forrest City Grocery Co.*, 300 Ark. 204, 778 S.W.2d 218 (1989). Rankin contends that the court obviously looked at pleadings and other matters outside the complaint because his complaint alleges a personal injury claim against Farmers; it does not assert Farmers was Rankin's employer at the time of his injury. Farmers responds, stating the settled rule that, if matters outside the pleadings are presented and not excluded by the court, the motion to dismiss will be treated as one for summary judgment. *See* Ark. R. Civ. P. 12(b) and (c); *Cross* v. *Coffman*, 304 Ark. 666, 805 S.W.2d 44 (1991).

Farmers factually asserts that it had filed its motion on October 4, 1993, the trial court notified Rankin by letter dated January 25, 1994, that a February 18 hearing would be held on "various pending matters," and Rankin had over four months to gather affidavits to rebut Farmers' motion. Farmers further asserts Rankin

knew exhibits were attached to Farmers' motion, and thus, would be treated as one for summary judgment. We agree.

■ We point out that, contrary to Rankin's contention, he did not rely solely on the allegations of his complaint. Instead, he attached his own affidavit and exhibit to counter exhibits and affidavit filed by Farmers. In sum, Rankin revealed his intention to meet Farmers' proof when he filed his responses with attachments.

■■ Rankin's argument must also fail because he fails to show he suffered any prejudice by the trial court's summary judgment ruling. In *BWH, Inc.* v. *Metropolitan National Bank*, 267 Ark. 182, 590 S.W.2d 247 (1980), the court stated that, although it did not approve of the disposition of a motion for summary judgment without notice and hearing, it will not reverse a summary judgment when it is manifest that error is not prejudicial.

■■ Here, as previously mentioned, Rankin had agreed to preclude any discovery pending resolution of Farmers' motion to dismiss. Even so, he sought CEO Bill Jones's deposition, and Farmers agreed to produce Jones to testify to matters bearing on Farmers' motion and the employment issue. Rankin wanted more and rejected the opportunity to depose Jones unless all restrictions were removed. Rankin fails to suggest how he was prejudiced by his own cancellation of Jones's deposition or show what possible relevant information he was barred from obtaining from Jones or Farmers. Prior to the February 18 hearing, Rankin did request certain documents, and argues his requests should have been granted since they dealt with Farmers' allegation that Farmers obtained the fictitious name of Dickey. He fails, however, to clarify how he expects such documents would develop a material issue. We are merely left to speculate on how the trial court's summary judgment ruling prejudiced Rankin. We will not reverse in these circumstances. *Id.*

■ Rankin next argues that, even if the trial court properly considered Farmers' motion as one for summary judgment, the trial court erred in holding no material issue of fact exists. He claims a contested factual issue exists as to whether he is an employee of Farmers. To support this argument, Rankin points to his affidavit, averring that he was an employee of Dickey at the time of his injury. However, the record further reflects that

32

Dickey is a fictitious name used by Farmers, and Dickey is a part of Farmers and not a separate entity. Thus, considering both Rankin's and Farmers' proof, Rankin is shown to have been an employee of Farmers at the time of the alleged injury. In this same argument, Rankin, citing no authority, also argues that, since Farmers controverted his workers' compensation claim as one not arising in the course and scope of his employment, he is then entitled to seek alternative compensation in circuit court. Such an argument is without merit. This court has held many times that an employer is immune from liability for damages in a tort action brought by an injured employee. *Fore* v. *Circuit Court of Izard County*, 292 Ark. 13, 727 S.W.2d 840 (1987). Rankin cites Ark. Code Ann. § 11-9-105(b)(1) (Supp. 1993), which, he claims, allows him to maintain a personal injury suit for damages when his employer (Farmers) failed to secure compensation payment under the Workers' Compensation laws. The simple answer to this argument is that the proof showed Farmers was Rankin's employer and Farmers had provided workers' compensation insurance coverage for all of its employees.

Rankin also argues that the trial court erred in failing to proceed with Mr. Jones's deposition so he could inquire as to the matters in Jones's affidavit. Too, Rankin claims he was entitled to his requests for production of documents. We have touched on this matter above. Bill Jones's deposition was scheduled for January 4, 1994. Jones was to be produced as a witness for the limited purpose of discussing the issues related to the motion to dismiss and the employment status of Rankin. As previously mentioned, Rankin was dissatisfied with having any restrictions imposed, so he cancelled the deposition.

In sum, a discovery deposition of Jones was made available to Rankin, it was refused, and Rankin has not persuasively argued that the trial judge abused his discretion. Where additional discovery might not have changed the outcome of the summary judgment proceedings and the appellant's arguments are unpersuasive, this court cannot say the trial court abused its discretion. *Pinkston* v. *Lovell*, 296 Ark. 550, 759 S.W.2d 20 (1988).

In another argument advanced by Rankin, he suggests that the "dual capacity doctrine" allows Farmers to be sub-

jected to a tort claim so jurisdiction is proper in circuit court. The dual capacity argument was not presented at the lower court, and this court has repeatedly held that it will not decide matters raised for the first time on appeal. *Truhe* v. *Grimes*, 318 Ark. 117, 884 S.W.2d 255 (1994).

Rankin offers yet another argument which we have already partially dealt with above. Because the exclusive remedy statute relied upon by Farmers contains no provision to encompass a separate division operating under a fictitious corporate name, Rankin contends that there is insufficient evidence in the record to determine which entity, Dickey or Farmers, had control of Rankin on the day of his injury. This argument is yet another approach to Rankin's major contention that a material issue of fact exists bearing on whom he was working for when he sustained his injuries. Again, as evidenced by the Jones affidavit and the secretary of state's office, Dickey is no more than a fictitious name used by one of the divisions of Farmers and is not a separate legal entity. Because Rankin is an employee of Dickey, he is an employee of Farmers.

In another argument, Rankin urges the trial court erred in dismissing the complaint with prejudice. Again, he cites no authority to support his argument, and suffice it to say that, because the circuit court has no jurisdiction in this matter, its dismissal by summary judgment is required.

Finally, Rankin argues that the trial court erred in permitting Farmers' attorney, in argument, to present factual matters to the court that were not contained in the record. Rankin cites *McIntosh* v. *Southwestern Truck Sales*, 304 Ark. 224, 800 S.W.2d 431 (1990), to support his argument that, where the conduct of the attorney is tantamount to the attorney testifying, it is prohibited. *McIntosh* is inapposite here. In the present case, both parties had submitted their motions, responses and exhibits, and argued that evidence at the February 18 hearing. Farmers' counsel argued his case alluding to the exhibits he had attached in support of Farmers' motion. The argument is meritless.

For the reasons set out above, we affirm the trial court's summary judgment ruling.