## Laurie VanWAGONER v. BEVERLY ENTERPRISES

97-1355                                              970 S.W.2d 810

Supreme Court of Arkansas
Opinion delivered July 2, 1998

*Walker, Shock & Harp, P.L.L.C.*, by: *Eddie H. Walker, Jr.*, for appellant.

*Hardin, Dawson & Terry*, by: *J. Rodney Mills* and *J. Gregory Magness*, for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Appellant Laurie VanWagoner appeals the judgment of the Fort Smith District of

Sebastian County Circuit Court dismissing with prejudice her complaint against appellee Beverly Enterprises. The circuit court dismissed her tort action on the ground that it was barred by the exclusive-remedy provision of the Workers' Compensation Act, Ark. Code Ann. § 11-9-105(a) (Repl. 1996). Thereafter, she filed an appeal with the Arkansas Court of Appeals, which certified the case to this court under Ark. Sup. Ct. R. 1-2(d)(2), as involving an issue of significant public interest or a legal principle of major importance. Particularly, we are asked to resolve the question of whether the circuit court or the Workers' Compensation Commission has jurisdiction to determine whether the Act applies. We hold that the commission has exclusive, original jurisdiction to determine the fact issues establishing its jurisdiction. Accordingly, for the reasons set forth below, we affirm the circuit court's decision as modified.

Ms. VanWagoner was employed as an administrative assistant at Beverly on February 15, 1995, when she tripped and fell on a rug while walking down a hallway at her place of employment. She filed a notice of injury according to Ark. Code Ann. § 11-9-701 (Repl. 1996) on February 29, 1996. On October 15, 1996, Ms. VanWagoner filed a claim for benefits with the commission, claiming that the injuries to her hip resulted from a work-related injury. Thereafter, Beverly controverted the claim, alleging that Ms. VanWagoner's injuries were the result of a noncompensable preexisting condition caused by a prior slip-and-fall accident and a subsequent automobile accident. Beverly further alleged that Ms. VanWagoner's claim was not compensable because she was not performing employment services at the time of the alleged fall under Ark. Code Ann. § 11-9-102(5)(B)(iii) (Repl. 1996). Particularly, Beverly contended that Ms. VanWagoner was not engaged in employment services because she was on her way to the break room when the fall occurred.

After a claim representative determined that Ms. VanWagoner's claim was not compensable, a hearing before the Workers' Compensation Commission on the issue of compensability was scheduled for April 9, 1997. On April 3, 1997, Ms. VanWagoner's counsel requested that the commission cancel the hearing. On May 15, 1997, Ms. VanWagoner filed suit against Beverly in

circuit court, alleging that Beverly's negligence in failing to maintain its premises was the proximate cause of her injuries. Beverly moved to dismiss the complaint on the ground that the jurisdiction resided exclusively in the commission. The circuit court agreed and dismissed the complaint. Ms. VanWagoner appeals.

The Court of Appeals has asked us to decide whether the commission or the circuit court should determine the applicability of the Workers' Compensation Act. Along with the majority of appellate courts that have addressed this issue, we have previously adhered to the rule that the circuit courts and the commission have concurrent jurisdiction to determine the applicability of workers' compensation laws to a given case. *See, e.g. Craig v. Taylor*, 323 Ark. 363, 915 S.W.2d 257 (1996); *Lively v. Libbey Memorial Physical Medical Ctr., Inc.*, 317 Ark. 5, 875 S.W.2d 507 (1994). This approach, however, is fraught with weaknesses. One practical result of this rule is that the party that acts first inevitably decides which tribunal will resolve the jurisdictional question. Conceivably, if every employee decided to file his or her claim in circuit court, under our current rule, the commission might never decide whether the rights and remedies of the Workers' Compensation Act applied, despite the fact that our legislature has chosen to entrust questions of compensation to its expertise:

> (a) The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, *shall be exclusive of all other rights and remedies of the employee*, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer. . . .

Ark. Code Ann. § 11-9-105(a) (Repl. 1996) (emphasis added). *See also Cherry v. Tanda*, 327 Ark. 600, 616, 940 S.W.2d 457, 462 (1997), *quoting Helms v. Southern Farm Bureau Casualty*, 281 Ark. 450, 664 S.W.2d 870 (1984) ("[O]ther statutes must yield to the Workers' Compensation Act because it is in the interest of the public policy to give that act priority as an exclusive remedy.").

In addition to creating a race to file, the concurrent-jurisdiction approach can lead to duplicative litigation, that is, the simultaneous pursuit of claims in both the commission and in circuit court. *See, e.g. Riverside Furniture Corp. v. Rogers*, 295 Ark. 452,

749 S.W.2d 664 (1988). According to one commentator, an even more fundamental problem with this rule is that "it may lead to nonuniform decisions in employee injury cases involving similar facts." Daniel Keating, *Employee Injury Cases: Should Courts or Boards Decide Whether Workers' Compensation Laws Apply?*, 53 U. CHI. L. REV. 258, 271 (1986). Because juries are more likely than commission officials to be sympathetic to injured plaintiffs in resolving factual issues pivotal to the jurisdictional question, the commentator explains, similar cases may lead to different results. *Id.*

We believe that the better rule is to recognize the administrative law rule of primary jurisdiction and to allow the Workers' Compensation Commission to decide whether an employee's injuries are covered by the Workers' Compensation Act. This rule is consistent with the purpose of the Act, and is supported by the teachings of Professor Larson:

> The soundest result in these cases, both as a matter of law and as a matter of practical experience would be a simple recognition of board priority in all cases, except those in which the facts are so one-sided that the issue is no longer one of fact but one of law.
> The legal rationale goes back to the fundamental administrative law rule of primary jurisdiction, enunciated by the Supreme Court in [*Texas & Pac. Ry. v. Abilene Cotton Oil Co.*, 204 U.S. 426 (1907)]. In the particular area of workers' compensation, this broad principle is strongly reenforced by the legislative intent to entrust questions of compensation coverage to an expert commission. . . .
>
> . . .
>
> When it is remembered that one of the primary original reasons for adoption of the workers' compensation system was to achieve simplicity and speed in the disposition of cases, it is obvious that this objective is best served by a straightforward policy of primary jurisdiction.

6 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 67.60, at 12-205 (1997 and Cum. Supp. 1998). *See generally* Daniel Keating, *Employee Injury Cases: Should Courts or Boards Decide Whether Workers' Compensation Laws Apply?*, 53 U. CHI. L.

Rev. 258, .274-278 (1986)(advocating the primary jurisdiction approach as advancing the interests of applying the workers' compensation laws uniformly, taking advantage of agency expertise, and eliminating wasteful duplicative litigation). *See also Hannah v. Mallinckrodt, Inc.*, 633 S.W.2d 723 (Mo.banc. 1982); and *Grillo v. National Bank of Washington*, 540 A.2d 743 (D.C.App. 1988) (adhering to the primary-jurisdiction rule in workers' compensation cases).

■■ We hold that the exclusive remedy of an employee or her representative on account of injury or death arising out of and in the course of her employment is a claim for compensation under § 11-9-105, and that the commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law, such as an intentional tort. *See Angle v. Alexander*, 328 Ark. 714, 719, 945 S.W.2d 933 (1997)(*citing Miller v. Ensco, Inc.*, 286 Ark. 458, 461, 692 S.W.2d 615 (1985)(explaining that, before an employee is free to bring a tort action for damages against an employer, the facts must show that the employer had a "desire" to bring about the consequences of the acts, or that the acts were premeditated with the specific intent to injure the employee). In so holding, we overrule all prior decisions to the extent that they are inconsistent with this opinion.

Affirmed as modified.

NEWBERN and IMBER, JJ., concur.

ANNABELLE CLINTON IMBER, Justice, concurring. The majority has forged new ground by holding that a circuit court no longer has jurisdiction to determine whether it or the Workers' Compensation Commission has jurisdiction to hear a case. Because I concur with the result but not this departure from our well-established law, I must write separately.

As we recently acknowledged in *Stapleton v. M.D. Limbaugh Constr. Co.*, 333 Ark. 381, 969 S.W.2d 648 (1998), pursuant to Article 5, Section 32, of the Arkansas Constitution, the Workers' Compensation Commission has jurisdiction only when there is an

employment relationship between the litigants. In other words, an employment relationship is a condition precedent to the Commission's jurisdiction.

Thus, we have consistently held throughout the last thirty-six years that the circuit court has concurrent jurisdiction with the Commission to make the threshold determination as to whether an employment relationship exists between the parties such that the merits of the case must be resolved by the Workers' Compensation Commission. *Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996); *Craig v. Traylor*, 323 Ark. 363, 915 S.W.2d 257 (1996); *Rankin v. Farmers Tractor & Equip. Co.*, 319 Ark. 26, 888 S.W.2d 657 (1994); *Nucor-Yamato Steel Co. v. Circuit Court of Mississippi County*, 317 Ark. 493, 878 S.W.2d 745 (1994); *Fore v. Circuit Court of Izard County*, 292 Ark. 13, 727 S.W.2d 840 (1987), *overruled on other grounds*, 315 Ark. 333, 869 S.W.2d 6 (1994); *Campbell v. Waggoner*, 235 Ark. 374, 360 S.W.2d 124 (1962); *Co-Ark. Const. Co. v. Amsler*, 234 Ark. 200, 352 S.W.2d 74 (1961).

The distinction between jurisdiction to determine jurisdiction and jurisdiction to hear the merits of the case cannot be over-emphasized. In the cases mentioned above, we have upheld the circuit court's concurrent jurisdiction to determine whether an employment relationship exists, upon either a motion to dismiss or a motion for summary judgment when the facts are undisputed or there is no material issue of fact, or at trial when there are material issues of fact regarding the employment relationship. If the circuit court decides that an employment relationship exists between the litigants, then it must dismiss the case because resolution of the merits of the case belongs within the exclusive jurisdiction of the Workers' Compensation Commission. In none of these cases have we held, as the majority concludes, that the circuit court does not have jurisdiction to make the initial jurisdictional determination regarding the existence of an employment relationship.

In this case, it was undisputed that an employment relationship existed between Ms. VanWagoner and Beverly Enterprises. The only disputes were whether her injury occurred during the

scope of her employment, and whether a preexisting condition contributed to her injuries. Similarly, in *Rankin v. Farmers Tractor & Equip. Co.*, *supra*, the employee argued that he was entitled to seek damages in circuit court because the employer controverted his claim for workers' compensation by asserting that his injury did not occur in the course and scope of his employment. We held such an argument to be without merit because an "employer is immune from liability for damages in a tort action brought by an injured employee." *Id.* (citing *Fore v. Circuit Court of Izard County*, *supra*). Thus, according to our well-established precedent, the circuit court correctly dismissed Ms. VanWagoner's tort claim because it was clear that the merits of the case (whether she was acting within the scope of her employment and whether she had a preexisting condition) fell within the exclusive jurisdiction of the Workers' Compensation Commission.

Hence, I agree with the majority's decision to affirm the trial court's dismissal, but not with its reasoning. Specifically, I disagree with the majority's decision to abandon our well-established rule of concurrent jurisdiction to determine jurisdiction in favor of Professor Larson's rule that the Workers' Compensation Commission has "exclusive, original jurisdiction to determine the facts that establish jurisdiction . . . unless the facts are so one-sided that the issue is no longer one of fact but one of law." I cannot agree with the majority's decision in this respect for several reasons.

First, the majority claims that we must discard our prior rule of concurrent jurisdiction because it is "fraught with weakness." No such weakness is present in this case. Ms. VanWagoner tried to circumvent the Commission's jurisdiction by filing her action in the circuit court. Once the circuit court determined that there was an employment relationship between Ms. VanWagoner and Beverly Enterprises, it correctly ruled that the complaint fell within the Commission's jurisdiction and dismissed the complaint. In other words, the circuit court correctly retained jurisdiction only to the extent necessary to determine that it did not have jurisdiction over the merits of Ms. VanWagoner's claim.

There simply is no reason in this case to abandon our well-established precedent in favor of a different jurisdictional rule.

Second, we refused to adopt Larson's approach only two years ago in *Craig v. Traylor, supra.* Nothing has changed in the last two years that would require us to reconsider that holding.

Third, the majority claims that we must abandon our prior jurisdictional rule because concurrent jurisdiction is unworkable. Yet, the new rule adopted by the majority retains concurrent jurisdiction when "the facts are so one-sided that the issue is no longer one of fact but one of law." The new rule does not abolish concurrent jurisdiction, and the alleged weaknesses associated with it, but merely changes the basis on which it exists.

Finally, we have consistently held that an employee may file before the Commission or the circuit court a claim for damages arising out of injuries caused by the employer's deliberate and intentional conduct. *Hill v. Patterson*, 313 Ark. 322, 855 S.W.2d 297 (1993); *Sontag v. Orbit Valve, Co.*, 283 Ark. 191, 672 S.W.2d 50 (1984); *Heskett v. Fisher Laundry & Cleaners Co.*, 217 Ark. 350, 230 S.W.2d 28 (1950). As I understand the majority opinion, the circuit court still has jurisdiction to determine whether the facts in an intentional-tort case are "so one-sided that the issue is no longer one of fact but one of law." In sum, the new rule adopted by the majority creates more questions than answers.

For these reasons, I agree with the majority's decision to affirm the dismissal of VanWagoner's tort claim, but would do so based on our established precedent instead of the new rule adopted by the majority.

NEWBERN, J., joins this concurrence.