# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 00-2273

_____

CHRIS S. BOUDREAU;                     *
                                       *
            Plaintiff/Appellee,        *
                                       *   Appeals from the United States
      v.                               *   District Court for the
                                       *   Western District of Arkansas.
WAL-MART STORES, INC.;                 *
                                       *
            Defendant/Appellant.       *
                                       *

_____

Submitted: April 11, 2001
Filed:  May 1, 2001

_____

Before BYE and BEAM, Circuit Judges, and MELLOY,[1] District Judge.

_____

MELLOY, District Judge.

Defendant-Appellant Wal-Mart Stores, Inc., appeals the district court's[2] denial of its motion for judgment as a matter of law following a jury verdict in favor of

_____

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa, sitting by designation.

[2] The Honorable H. Franklin Waters, United States District Judge for the Eastern District of Arkansas.

Plaintiff-Appellee Chris S. Boudreau in his negligence action. We affirm.

I.

At the time of his injury, Boudreau was an employee of Wal-Mart's distribution center in Benton County, Arkansas. On September 23, 1998, during his regular work hours, Boudreau purchased a dolly from Wal-Mart's charitable donation program. Wal-Mart uses the program to dispose of surplus or discontinued merchandise by selling such merchandise to its employees and then donating the proceeds to charity. Wal-Mart promotes its charitable works and receives corporate good will from such programs.

After purchasing the dolly, Boudreau was granted permission to take the dolly to his car for storage. In order to get to his car, Boudreau had to bring the dolly down a flight of five steps. Boudreau fell as he attempted to descend the stairs. No one saw the fall but it was captured on a surveillance videotape of relatively poor quality. When colleagues came to his aid, Boudreau informed them that he had "slipped" on the stairs. Boudreau and several others noticed spots of water on the stairs -- the size of quarters or fifty-cent pieces. Boudreau broke his kneecap in the fall.

The central issue at trial was what caused Boudreau's fall. To support his "slip and fall" theory, Boudreau presented testimony and documentation from Wal-Mart employees regarding water on the steps before and after Boudreau's fall. Wal-Mart's

theory of the case was that, while descending the stairs, Boudreau picked up the dolly with one hand, causing it to swing around the side of his body and clip him in the back of the leg. To this end, Wal-Mart argued that the surveillance videotape incontrovertibly demonstrates that Boudreau caused his own fall. The jury viewed the original videotape plus two versions altered to enlarge the image and slow the speed.

The jury found Wal-Mart negligent and awarded Boudreau $100,000. Wal-Mart's post-trial motions were denied. In this appeal, Wal-Mart raises two points of error: (1) the district court erred in denying its motion for judgment as a matter of law because the surveillance video proves that Boudreau's fall was not caused by water on the steps; and (2) the district court erred in submitting to the jury the question of whether Boudreau was a licensee or invitee at the time of the accident because a ruling by the Arkansas Workers' Compensation Commission preclusively determined that Boudreau was not an invitee.

II.

A. Denial of Wal-Mart's Motion for Judgment as a Matter of Law

In reviewing a trial court's denial of a motion for judgment as a matter of law, this Court must: (1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove,

(3) give the nonmovant the benefit of all reasonable inferences, and (4) affirm the denial of the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn. Heating & Air Specialists, Inc. v. Jones, 180 F.3d 923, 932 (8th Cir. 1999) (citing Hastings v. Boston Mutual Life Ins. Co., 975 F.2d 506, 509 (8th Cir. 1992)). The nonmovant is not, however, entitled to "the benefit of unreasonable inferences, or those at war with the undisputed facts." Larson v. Miller, 76 F.3d 1446, 1452 (8th Cir. 1996), quoted in Heating & Air Specialists, 180 F.3d at 932. "A mere scintilla of evidence is inadequate to support a verdict, and judgment as a matter of law is proper when the record contains no proof beyond speculation to support the verdict." Id. (citation omitted); accord Concord Boat Corp. v. Brunswick Corp., 207 F.3d 1039, 1050 (8th Cir.) ("A motion for judgment as a matter of law should be granted if, when considering the evidence in this manner, 'without weighing the credibility of the witnesses, there can be but one reasonable conclusion as to the verdict.'") (quoting McGreevy v. Daktronics, Inc., 156 F.3d 837, 840 (8th Cir.1998)), cert. denied, 121 S. Ct. 428 (2000).

Keeping in mind this standard of review, we conclude that the district court did not err in denying Wal-Mart's motion for judgment as a matter of law. Boudreau testified that he felt his left foot slip out from under him just before falling. Numerous Wal-Mart employees testified as to water spots on the steps prior to and after Boudreau's fall. Wal-Mart's accident report documents the accident cause as water on the stairs which created an unsafe condition. This evidence supports Boudreau's slip and fall theory and must be assumed as true.

Because substantial evidence supports the jury verdict, Wal-Mart's motion should have been granted only if, as it asserts, the videotape incontrovertibly proves the accuracy of its version of the accident. In that respect, we first note that the jury viewed the videotape in all its permutations numerous times and apparently concluded that it did not contradict the other evidence in Boudreau's favor. Upon our review of the videotapes, we agree that it does not provide the incontrovertible proof that Wal-Mart asserts. While the videotape captures Boudreau falling, it does not unequivocally capture the cause of the fall. The quality and lighting were such that reasonable viewers could disagree as to what they were seeing. Boudreau may or may not have clipped himself in the back of the leg with the dolly. If he did, it may or may not have been because his left foot slipped on water. Accordingly, the jury was entitled to give the videotape whatever weight it deemed appropriate and we cannot say that the plaintiff's verdict in this case was "at war with the undisputed facts."

## B. Submission of Invitee/Licensee Issue to Jury

Under Arkansas law, the owner of property owes a lesser duty to a licensee than to an invitee. Over Wal-Mart's objection, the district court instructed the jury that it must decide whether Boudreau was a licensee or an invitee. In the jury instructions, the district court explained the distinction as follows:

> A licensee is a person who goes upon the premises of another with the consent of the owner for his own purposes and not for the mutual benefit of himself and the owner and not for a purpose connected with the

> business which the owner conducts. . . . An invitee is a person who goes upon the premises of another for a purpose connected with the owner's business or for a purpose mutually beneficial to himself and the owner and by the invitation of the owner. The invitation may be express or may be implied from the circumstances under which the person enters the premises.

Trial Transcript, Vol. 2-72. Thus, the distinction between an invitee and a licensee turns on whether the person who goes upon the premises of another serves the interests of the premises owner, or only his own interests.

Because Boudreau's injury occurred at his place of employment during work hours, he was required by Arkansas law to first file his claim with the Arkansas Workers' Compensation Commission (WCC). <u>See</u> Ark. Code. Ann. § 11-9-105; <u>VanWagoner v. Beverly Enters.</u>, 970 S.W.2d 810 (Ark. 1998). In Arkansas, workers' compensation is the exclusive remedy for all injuries that arise out of and in the course of employment, and the Commission has exclusive original jurisdiction to determine the facts that establish jurisdiction. <u>See id.</u> at 812. After a hearing before the Commission, the Administrative Law Judge (ALJ) determined that Boudreau was not required by his employer to take the dolly to his personal vehicle (although he was permitted to do so). <u>See</u> WCC Order, dated May 4, 1999, at 9-10. Thus he was not providing employment services at the time of the accident and the Commission did not have jurisdiction over his claim. <u>See id.</u> The ALJ made specific findings of fact to that effect, and then commented as follows:

> There is simply no evidence that the respondent/employer [Wal-Mart] had

-6-

any purpose served or interest advanced by the claimant [Boudreau] conveying the two-wheel dolly to his personal vehicle. Nor is there any evidence that such action would or could be reasonably expected to benefit the employer in any way.

Id. at 10. Boudreau did not appeal the ALJ's decision so it became the final ruling of the Commissioner.

Wal-Mart contends that because of the Commission's decision, Boudreau was precluded from arguing that he was an invitee at the time of his injury. A trial court's determination as to whether the legal prerequisites for issue preclusion have been met on the facts before it is a mixed question of law and fact, subject to de novo review by this court. See Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane), 124 F.3d 978, 982 (8th Cir. 1997) (citing United States v. Brekke, 97 F.3d 1043, 1046-47 (8th Cir. 1996)).

Under Arkansas law, the elements of issue preclusion are: (1) the issue sought to be precluded must be the same as that involved in the prior litigation (identity of issue); (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment. Lane v. Sullivan, 900 F.2d 1247, 1250 (8th Cir. 1990) (applying Arkansas law). In this instance, there was no identity of issues between the two actions and thus issue preclusion is not appropriate.

In order to establish whether the Workers' Compensation Commission had

exclusive jurisdiction over Boudreau's claim the ALJ had to decide whether Boudreau was engaged in employment services at the time of his accident:

> [A]ny time an employee is engaged in activities which he has been reasonably directed to perform by individuals placed in supervisory or management positions by the employer, he is carrying out the employer's purpose or advancing the employer's interest, even though those activities may not be the primary activity for which he has been hired or an incidental activity inherently necessary for the performance of the primary activity.

WCC Order, at 17. The Commission found that all of the evidence presented supported the conclusion that Boudreau was not ordered or directed to take the dolly to his vehicle, but was merely permitted to do so. Based on that finding, the Commission concluded that Boudreau was not engaged in employment services. The Commission then made the comments relied upon by Wal-Mart in this appeal.

The Commission's comments must be read in the context of the forum in which they were presented and the issue to which they were addressed -- whether, within the framework of the Arkansas Workers' Compensation statute, Boudreau was performing an employment service. That determination turns on whether he was engaged in activities which he had been reasonably directed to perform by individuals placed in supervisory positions by the employer.

The only specific factual finding underpinning the Commission's determination that Boudreau was not engaged in an employment service was his finding that

Boudreau was not ordered to take the just-purchased dolly to his car but rather was granted permission to do so. The fact that Boudreau was merely permitted to take the dolly to his car certainly does not preclude invitee status. Otherwise, any customer – employee or not – injured on the way out of the store after making a purchase would be relegated to licensee status and afforded lesser protection. That is not the law and the Commission's comments cannot support such a proposition. Thus, the Commission's determination that Boudreau was not advancing "any interest" of Wal-Mart when he took the dolly to his car refers only to "interest" as narrowly defined in the workers' compensation realm.

In this case, the record reflects that Wal-Mart publicizes its charitable giving programs and that it receives corporate good will for its charitable acts. Wal-Mart conceded in oral argument that absent issue preclusion a jury could have reasonably found that Wal-Mart received a mutual benefit from Boudreau's purchase of the dolly. Because we find the Commission's ruling not inconsistent with that determination, invitee status was supportable and the district court did not err in submitting the issue to the jury.

III.

For the reasons discussed above, we affirm the order of the district court denying Wal-Mart's motion for judgment as a matter of law and its conclusion that the jury was not precluded from determining Boudreau's status as invitee.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.