Lisa PRIVETT *v.* EXCEL SPECIALTY PRODUCTS and
Crawford and Company

CA 01–963                                                    69 S.W.3d 445

Court of Appeals of Arkansas
Division IV
Opinion delivered March 13, 2002

*Walker, Shock & Cox, P.L.L.C.*, by: *Eddie H. Walker, Jr.*, for appellant.

*Hardin, Jesson & Terry, PLC*, by: *J. Rodney Mills* and *J. Leslie Evitts, III*, for appellee.

S̲AM BIRD, Judge. This is an appeal from the decision of the Arkansas Workers' Compensation Commission affirming the administrative law judge's decision that appellant, Lisa Privett, had suffered a compensable injury. Privett sustained an injury on May 27, 2000, while working for appellee Excel Specialty Products. Excel accepted the injury as compensable; however, in an unusual twist, Privett contends that she was not performing employment services at the time of her accident. Therefore, she argues that the Commission should have determined that she was not entitled to receive workers' compensation benefits. Privett readily admits that her motive is to circumvent the exclusive-remedy provisions of Ark. Code Ann. § 11-9-105 so that she can file a civil action against Excel. We do not agree with Privett's argument; thus, we affirm.

Excel operates a meat-processing facility, and Privett was employed by Excel to cut meat in the "after-trim" department. Privett's job involved pulling trays of meat that had been cut into steaks from a conveyor line, trimming the steaks with knives, weighing the steaks, then placing them back onto a tray and returning them to the conveyor line. For both sanitary and safety reasons, Privett was required to wear a hard hat, hair net, steel-mesh apron, smock, steel-mesh gloves, and a steel-mesh sleeve while working in the after-trim department. Because sharp knives are used in the job, she was also required to have a knife scabbard with her. Excel provided all of the required clothing and equipment. Privett was required to be on the production line at 5:30 a.m., but she could not begin performing her job unless she had the proper equipment and clothing.

On May 27, 2000, the day of the accident, Privett arrived at the plant at about 5:00 a.m. She clocked in and went to the locker room to get her equipment, and then she went to the laundry room to get dressed. A few minutes before she was to report to the production line, Privett left the dressing area and entered the production area of the plant. However, when she realized that she had left her knife scabbard in the laundry room, she proceeded back to

the laundry room to retrieve the scabbard. As Privett exited the production room, she slipped and fell, and was injured.

Privett signed an Arkansas Workers' Compensation Form "N," Notice of Injury, dated May 30, 2000. Excel accepted the claim as compensable, and Privett accepted all workers' compensation benefits provided by Excel, including medical expenses and temporary total disability benefits. After Privett had been released by her physician and returned to work for Excel, she initiated this action, requesting the Commission to determine that she was not performing employment services when she was injured and that, therefore, her injury was not compensable under the Workers' Compensation Act. At a hearing conducted on November 20, 2000, the administrative law judge held that Privett was performing employment services at the time of her injury and that, therefore, her injury is covered by the provisions of the Arkansas Workers' Compensation Act. The Commission affirmed and adopted the administrative law judge's decision as the opinion of the Commission.

■ Prior to our supreme court's decision in *VanWagoner v. Beverly Enterprises*, 334 Ark. 12, 970 S.W.2d 810 (1998), circuit courts had concurrent jurisdiction with the Workers' Compensation Commission to make the threshold determination of whether an employment relationship existed between the parties. *Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996); *Craig v. Traylor*, 323 Ark. 363, 915 S.W.2d 257 (1996); *Rankin v. Farmers Tractor & Equip. Co.*, 319 Ark. 26, 888 S.W.2d 657 (1994); *Nucor-Yamato Steel Co. v. Circuit Court of Miss. County*, 317 Ark. 493, 878 S.W.2d 745 (1994); *Fore v. Circuit Court of Izard County*, 292 Ark. 13, 727 S.W.2d 840 (1987), *overruled on other grounds*, 315 Ark. 333, 869 S.W.2d 6 (1994); *Campbell v. Waggoner*, 235 Ark. 374, 360 S.W.2d 124 (1962); *Co-Ark. Constr. Co. v. Amsler*, 234 Ark. 200, 352 S.W.2d 74 (1961). However, in *VanWagoner, supra*, our supreme court abandoned the rule of concurrent jurisdiction, and held that the exclusive remedy for injury or death arising out of and in the course of employment is a claim under the Workers' Compensation Act, and that the Workers' Compensation Commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact, but one of law, such as an intentional tort. In accordance with *VanWagoner*, Privett sought a determination by the Commission that her injury is not compensable, that her injury does not provide the basis for a claim under the Workers' Compensation Act, and that the Workers' Compensation Commission lacks

jurisdiction to decide the merits of any claim arising from her injury.

■ In determining the sufficiency of the evidence to sustain the findings of the Commission, we review the evidence in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Weldon v. Pierce Bros. Constr.*, 54 Ark. App. 344, 925 S.W.2d 179 (1996). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Frances v. Gaylord Container Corp.*, 341 Ark. 527, 20 S.W.3d 280 (2000). The question is not whether the evidence would have supported findings contrary to the ones made by the Commission; there may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact or heard the case *de novo*. *Tucker v. Roberts-McNutt, Inc.*, 69 Ark. App. 150, 12 S.W.3d 640 (2000).

■ ■ Arkansas Code Annotated section 11-9-102(4)(A) (Supp. 2001) defines "compensable injury" as "an accidental injury causing internal or external physical harm . . . arising out of and in the course of employment." Employment services are performed when the employee does something that is generally required by his or her employer. *Collins v. Excel Spec. Prod.*, 347 Ark. 811, 69 S.W.3d 14 (2002); *Pifer v. Single Source Transp.*, 347 Ark. 851, 69 S.W.3d 1 (2002). We use the same test to determine whether an employee was performing "employment services" as we do when determining whether an employee was acting within "the course of employment." *Collins, supra*; *Pifer, supra*. The test is whether the injury occurred "within the time and space boundaries of employment, when the employee [was] carrying out the employer's purpose or advancing the employer's interests directly or indirectly." *Collins, supra*; *Pifer, supra*. This test has also been previously stated as whether the employee is "engaged in the primary activity that [s]he was hired to perform or in incidental activities that are inherently necessary for the performance of the primary activity." *Olsten Kimberly Quality Care v. Pettey*, 55 Ark. App. 343, 934 S.W.2d 956 (1996), *aff'd*, 328 Ark. 381, 944 S.W.2d 524 (1997).

■ Privett contends that because her work day had not yet begun, her injury cannot be compensable. Although Privett had clocked in and was in the locker room getting ready for her shift to begin, the fact that a worker is not directly compensated for the activity engaged in when an accident occurs is not controlling as to whether the worker was performing employment services. *See id.*

By getting the necessary equipment, Privett was manifestly advancing the employer's interest. Privett was required and expected to wear the necessary clothing and have her scabbard as part of her job. Everything in the record indicates that Privett was engaged in incidental activities that were necessary for the performance of the primary activity she was hired to perform.

Most instructive on this issue is *Ray v. Wayne Smith Trucking*, 68 Ark. App. 115, 4 S.W.3d 506 (1999). In *Ray*, the appellant sustained his injury on his day off while preparing his truck for a cross-country drive by equipping it with items necessary for the efficient performance of his job. Notwithstanding the fact that the appellant was performing these tasks on his day off, this court held that the appellant was performing an incidental activity which was inherently necessary for the performance of his primary employment activity and was, therefore, entitled to benefits. Similarly, Privett was injured while preparing the equipment she needed in order to perform her job. It is irrelevant whether or not she was being compensated at the time of the injury because Privett was performing an incidental activity, inherently necessary for the performance of her job. Therefore, we hold that Privett was engaged in employment services when she fell, and we affirm the Commission's decision.

Because we hold that there is substantial evidence that a reasonable mind might accept as adequate to support the conclusion that Privett was performing employment services at the time of her injury, we affirm the Commission's decision that she was performing employment services when she fell while returning to retrieve her scabbard.

Affirmed.

GRIFFEN and BAKER, JJ., agree.