# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4016

_____

Douglas Brueckner, Colette Brueckner,    *
                                          *
            Appellants,                   *
                                          *    Appeal from the United States
      v.                                  *    District Court for the
                                          *    District of Nebraska.
Burlington Northern and Santa Fe          *
Railway Company, a Corporation;           *    [UNPUBLISHED]
Brown's Crew Car, doing business as       *
Armadillo Express,                        *
                                          *
            Appellees.                    *

_____

Submitted: July 3, 2008
    Filed:  July 14, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Douglas and Colette Brueckner, husband and wife, filed this action against the Burlington Northern & Santa Fe Railway Company (BNSF) and its agent Brown's Crew Car, also known as Armadillo Express (Armadillo), alleging they negligently caused injuries to Douglas while he was working as a conductor for BNSF. According to the complaint, on October 3, 2001, Brueckner was riding in a van owned and operated by Armadillo when the driver drove over a crossing at an excessive speed, causing Brueckner to be thrown against the ceiling of the van and injured. The

Brueckners claimed that Armadillo was liable to them under Nebraska state law for negligently operating the vehicle, and that BNSF was liable under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, based on its own negligence and the negligence of its agent, Armadillo. Following a five-day trial, the jury found for defendants. The district court[1] entered judgment on the verdict and denied the Brueckners' motions for judgment as a matter of law (JAML) and for a new trial. The Brueckners argue on appeal that the evidence did not support the jury's verdict, and that the jury instructions were erroneous.

We find that the district court did not abuse its discretion in denying the Brueckner's motions for JAML and for a new trial because the evidence, viewed in the light most favorable to defendants, supports the jury's verdict. See Boudreau v. Wal-Mart Stores, 249 F.3d 715, 717-18 (8th Cir. 2001) (in reviewing motion for JAML, court resolves factual conflicts in favor of nonmovant and affirms if evidence would allow reasonable jurors to differ); Batiste-Davis v. Lincare, Inc., 526 F.3d 377, 381 (8th Cir. 2008) (denial of new trial based on verdict against weight of evidence is virtually unassailable; this court reviews for abuse of discretion, viewing evidence most favorably to verdict). We also find that the instructions given by the court adequately presented the case to the jury. See Campos v. City of Blue Springs, Mo., 289 F.3d 546, 551-52 (8th Cir. 2002) (jury-instruction review is for abuse of discretion, limited to whether instructions as a whole fairly and adequately represent evidence and law).

Accordingly, we affirm.

_____

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.