Karen R. Baker, Justice, dissenting. hi dissent from the majority opinion and would deny the writ of prohibition. I agree with the majority that “this court has consistently held that the question of whether an employer-employee relation-ship [exists] between the parties is a factual issue solely within the jurisdiction of the Commission.” Although the majority states that in the case before us “the employer-employee relationship between the parties raises numerous factual questions[,]” I disagree. | gHere, the record is clear. First, Walters was an employee of PSC. Second, PSC has paid Walters’s workers’ compensation benefits. Third, Entergy was not the employer. The contract between En-tergy and PSC provides “[PSC] will have complete control of, and supervision over, its employees, tools and equipment.... It is expressly understood and agreed between the parties hereto that [PSC] shall be, an operate as, an independent Contractor in the performance of this Contract and shall be solely responsible for wages, benefits and safety of Contractor’s employees.” Accordingly, this case clearly meets the exception described in VanWagoner v. Beverly Enterprises, 334 Ark. 12, 970 S.W.2d 810 (1998) where we held that “the exclusive remedy of an employee or her representative on account of injury or death arising out of and in the course of her employment is a claim for compensation under § 11-9-105, and that the commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law.” Id., at 16, 970 S.W.2d at 812. The exception only applies to a narrow category of cases where the facts are so one-sided that it is clear that the issue is no longer one of fact but one of law. Such is the case here. PSC was Walters’s only employer. Therefore,, there is no need to send this matter to the Arkansas Worker’s Compensation Commission to determine Entergy’s status. Although the majority notes that the “contract further states that ‘[n]othing herein shall preclude Entergy Operations and the Owners from raising a ‘Statutory Employee’ defense if applicable,’ ” the circuit court correctly ruled that the undisputed facts could not establish a “Statutory Employee” defense as a matter of law and therefore there is no reason for the Commission to address this matter. 18As we held in VanWagoner, I would hold that the facts here are so one-sided that the issue of employer status and immunity can be determined as a matter of law. Accordingly, I would deny Entergy’s petition for writ of prohibition and remand the matter to circuit court for further proceedings. Hart, J., joins in this dissent.